**Aurelius James ALLEN, III, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 884S327.

Supreme Court of Indiana.

Aug. 6, 1986.

**54**

Diane McNeal, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Aurelius James Allen III appeals his convictions, following jury trial, for murder[1] and attempted murder[2]. He was also found to be a habitual offender. The sole issue presented by this direct appeal is the sufficiency of evidence for the convictions of murder and attempted murder.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

At approximately 6:00 p.m. on November 15, 1982, the defendant, accompanied by another man known as "Gabby", visited the residence of James O'Neal for the purpose of making a drug sale. O'Neal and his friend, Jennifer McKenzie, were already present. O'Neal testified that when he questioned the quality of the drugs, the defendant shot him in the face. O'Neal observed the flash from the gun in defendant's hand, but did not have an opportunity to see the type of weapon. As O'Neal was falling to the floor, he heard Jennifer scream immediately followed by two gunshots in rapid succession. O'Neal suffered numerous head injuries and surgeries. Jennifer McKenzie was dead at the scene. Her death was caused by gunshot injuries to the heart and the brain. A .38 caliber bullet was found in her brain, having entered from the back of the skull. The second bullet .25 caliber, entered from the back, lacerated the stomach, and then travelled upward, lacerating the heart. The victim's death could have been caused by either of the wounds. The bullets came from two different weapons.

The defendant called three witnesses to support his alibi defense. None of them conclusively established his whereabouts at the time of the incidents. Defendant contends that the presence of bullets from two different weapons creates an unexplained confusion in the evidence. While O'Neal heard the shots, there was no testimony from any witnesses to identify which person or persons fired the weapons which killed Jennifer McKenzie.

Circumstantial evidence may be sufficient to support a murder conviction. *Napier v. State* (1983), Ind., 445 N.E.2d 1361; *Brewer v. State* (1981), Ind., 417 N.E.2d 889; *Jackson v. State* (1980), 273 Ind. 49, 402 N.E.2d 947. At the time of the murder, there were only two persons present who could have fired a weapon, defendant and "Gabby." It was defendant, not "Gabby", who had just fired at O'Neal. Even as he fell, O'Neal heard the two other shots which killed McKenzie. It is entirely reasonable to infer that at least one of these was fired by defendant. To conclude otherwise would require that, as O'Neal was falling, "Gabby" suddenly pulled out two weapons and fired both of them into McKenzie. We do not find this to be a reasonable hypothesis of defendant's innocence requiring exclusion by conclusive evidence. *See, Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530.

We conclude that there is substantial evidence of probative value upon which the jury could reasonably find, beyond a reasonable doubt, that the defendant was

---

**1.** Ind.Code § 35–42–1–1.

**2.** Ind.Code §§ 35–41–5–1; 35–42–1–1.

guilty of murder and attempted murder in this case. Defendant does not challenge the habitual offender finding.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.