**David G. TAYLOR, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 385S95.

Supreme Court of Indiana.

April 13, 1987.

Larry W. Van Briggle, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant David G. Taylor was convicted by jury of Robbery, a class B felony, and Conspiracy to Commit Robbery, a class B felony. The Court sentenced him to twenty years on Count I and twenty years on Count II, and found that the sentences should run consecutively. The Court found as aggravating circumstances the risk that Defendant will commit another crime, the fact that Defendant was on parole at the time of the commission of the offenses, and Defendant's prior criminal record. The Court further found that, due to his past criminal record, there is no possibility of Defendant's rehabilitation and that a shorter period of incarceration would depreciate the seriousness of the crime. Taylor raises a single issue in this direct appeal: whether the trial court erred in admitting testimony which referred to subsequent criminal activity allegedly committed by him.

The facts are as follows. On April 10, 1984, at approximately 1:22 a.m., the Bake-Mart in Madison County was robbed by a man with a handgun. The man entered the store and made a purchase before robbing the sole employee. A second man entered the store during the robbery and fled with the gunman. The gunman wore a dark toboggan. Only money from the cash register was taken.

At about 4:30 a.m. on April 10, 1984, two men entered a Waffle and Steak restaurant in Johnson County and had coffee until the other customers left. The two men then initiated a robbery of the two employees, using a handgun. One of the men wore a dark stocking hat. Again, money from the cash register was taken.

Taylor, David Adams, and his brother, Danny Adams, were charged in the April 10, 1984, robbery of the Bake-Mart. At trial, the victim of the Bake-Mart robbery, Donald Dante Thornbury, identified David Adams as the robber who held the gun on him. Mr. Thornbury, however, was unable to positively identify the second man who entered the Bake-Mart during the robbery and fled with the gunman. The defense sought to show that Danny Adams, David Adams' brother, committed the Bake-Mart robbery alone, although Taylor entered the store while the robbery was in progress.

Identification was a material issue at the trial. In order to establish identification and to demonstrate that all three defendants were involved, the State offered evidence of the Waffle and Steak robbery. Taylor filed a Motion *in Limine* regarding the admissibility of testimony concerning that crime. In a hearing out of the presence of the jury, the trial court was presented with the facts of the Waffle and Steak robbery. The trial court ruled that the State's witnesses could testify to the events of the Waffle and Steak robbery

only, and ruled inadmissible any testimony concerning the subsequent abduction, assault and rape of the two Waffle and Steak waitresses. One victim of the Waffle and Steak robbery then identified Taylor and Danny Adams as the robbers. Evidence was also presented regarding the police investigation of the Waffle and Steak robbery.

Taylor objects to the evidence of other crimes, presented to show he is guilty of the crime charged. He argues the trial court abused its discretion in permitting testimony regarding the Waffle and Steak robbery. He maintains that the two robberies were not sufficiently similar to qualify under the common scheme or plan exception to the general rule regarding the inadmissibility of other crimes as evidence. Taylor claims the testimony did not tend to add probative value to the case, but only served to prejudice and confuse the jury as to the actual crime charged.

Evidence of other criminal activity by a defendant is highly prejudicial and generally inadmissible. The basis for this general rule is to prevent indiscriminate proof of other criminal activity beyond that specifically charged from compelling a defendant to meet accusations without notice or from negating the presumption of innocence. *Malone v. State* (1982), Ind., 441 N.E.2d 1339, 1346. However, evidence of other unrelated criminal activity may be admissible in certain cases to prove identity, knowledge, intent, purpose, motive or a common scheme or plan. *Hobbs v. State* (1984), Ind., 466 N.E.2d 729, 733; *Montgomery v. State* (1980), 274 Ind. 544, 412 N.E.2d 793, *reh. denied.* To be admissible, the testimony must possess substantial probative value and must be so specifically and significantly related to the charged crime in time, place and circumstance as to be logically relevant to one of the particular accepted purposes. *Hobbs,* 466 N.E.2d at 733; *Malone,* 441 N.E.2d at 1346. For instance, evidence of other criminal activity is commonly allowed to prove the identification of an accused according to the common plan or scheme exception. *Malone,* 441 N.E.2d at 1346.

The record in this case revealed that Taylor was with the Adams brothers prior to the Bake-Mart robbery. David Jones testified he saw the three leaving a party together in a truck around 8:00 p.m., on April 9, 1984. Jones saw the three together again at approximately 2:00 a.m., that next morning, when he was going to pick up his wife from her place of employment. The record also showed that Danny Adams pled guilty to the Bake-Mart robbery. Danny Adams testified that while he held the gun on Dante Thornbury, Taylor entered the Bake-Mart. Taylor does not deny being present at the Bake-Mart, but alleges that he was not involved in the robbery and merely happened into the Bake-Mart as one of the Adams brothers was conducting the hold-up. The challenged evidence further served to identify Taylor as being in the company of Danny Adams and also shows that Taylor participated in the Waffle and Steak robbery. That Taylor was not only in the company of Danny Adams, but that he also participated in the Waffle and Steak robbery, renders the challenged evidence indicative of a common plan or scheme.

The rationale behind the common plan exception is that if an accused is known to have committed a crime in a particularly distinct way, then that accused can be considered as having committed another similar crime if the similar crime was also committed in the same particularly distinct way. In ruling upon the propriety of admitting evidence of other criminal activity according to the common plan exception, this Court requires a strong showing that the different criminal actions were so similarly conducted, so unusual and distinctive, that the method of conduct can be considered akin to the perpetrator's "signature." *Jackson v. State* (1983), Ind., 446 N.E.2d 344, 347, *reh. denied; Malone,* 441 N.E.2d at 1346. The common scheme or plan exception requires more than mere repetition of similar crimes. *Hobbs,* 466 N.E.2d at 733. To be admissible, the State must prove the crimes are so similar that the evidence supports an inference that the same person committed both crimes.

For example, evidence of a prior robbery of an Arthur Treacher's Fish and Chips restaurant was held admissible in *Washington v. State* (1981), Ind., 422 N.E.2d 1218. In *Washington,* the defendant was charged with the subsequent robbery of another Arthur Treacher's Fish and Chips restaurant. In both robberies, he used the same pretense of ordering a seafood platter, eating it and waiting until other customers left, then announcing his intention to rob the business. He then held a gun to the employee's head, ordered her to open the safe and cash register so he could take the money, and then forced the employees to get under a desk before he left through the back door. The time between the robberies was five days. In *Washington,* the similarities were substantial and unique enough to be relevant in establishing identity.

■ In this case, the State used the Waffle and Steak robbery to demonstrate a common scheme or plan which, in turn, tended to establish the identity of the robbers in the Bake-Mart robbery. It is, therefore, necessary to examine the details of the two robberies in order to determine if there are sufficient similarities unique enough to be relevant in establishing identity.

There are several similarities. Both crimes occurred on the same date, April 10, 1984, in the early morning hours. The Bake-Mart robbery in Madison County occurred at about 1:22 a.m., and the Waffle and Steak robbery occurred in Johnson County at about 5:00 a.m. The locations were approximately an hour and one half apart. A similar gun was used in both cases. Both robbery locations were small businesses open twenty-four hours a day where food could be obtained. In addition, each location had few employees on duty at the time of the robbery. The Bake-Mart had only one employee working at the time of the robbery, while the Waffle and Steak had two employees on duty at the time of the robbery. Also, at the time of the robbery, there were no other customers in the Bake-Mart, and the Waffle and Steak robbers waited until all customers had left before they initiated their crime. At the Bake-Mart, the lead robber acted like a customer, looking around the store before initiating the robbery. A similar ploy was used by the Waffle and Steak robbers, who had coffee while waiting for customers to leave. Two men were involved in the Waffle and Steak incident. At the Bake-Mart robbery, one man with a gun entered first, followed shortly thereafter by another man who fled with the gunman after completion of the robbery. In each case, money was taken only from the cash register. In addition, similar clothing was worn by the robbers in each case. One of the men in the Bake-Mart robbery wore a dark toboggan and one of the men involved in the Waffle and Steak robbery wore a dark stocking hat.

These similarities are sufficiently substantial and unique to be relevant in establishing identity. The proximity in time of the two events, the type of establishments victimized, the similarities in methods of operation and identifying clothing all render the challenged evidence sufficiently probative on the issue of identification. Very significantly, it placed Taylor and the Adams' together before, during and after the Bake-Mart robbery, and also showed his participation in the subsequent robbery. The trial court did not err in admitting the evidence of the Waffle and Steak robbery.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.