Leamon HOLMES, Jr., Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 45S00–8605–CR–514.

Supreme Court of Indiana.

Aug. 27, 1987.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Leamon Holmes, Jr., was convicted by jury of robbery, a class B felony on December 11, 1985. He was sentenced to eleven years imprisonment. He directly appeals claiming the trial court erred in permitting testimony regarding a subsequent robbery alleged to have been committed by him.

The facts show that on November 8, 1984, at approximately 6:30 p.m., Nellie Benjamin parked her vehicle in her garage, and walked to the side door to enter her home. While Mrs. Benjamin was standing on the porch, waiting for her husband, who was inside, to unlock the screen door, a man approached her from the side and grabbed her purse. Mrs. Benjamin clung to the purse. The man pulled Mrs. Benjamin into the porch railing four to five times before wrestling Mrs. Benjamin's purse away from her and fleeing.

Mrs. Benjamin testified she recognized her assailant from her employment at a Gary public high school as a janitress and identified Appellant in court as that person. Mrs. Benjamin further stated she had made an out of court photographic identification of Appellant as the robber.

At trial, over objection, Bruno and Mary Pall were permitted to testify regarding a robbery of Mrs. Pall that occurred on November 16, 1984, three blocks from the Benjamin residence. The Palls testified that as they exited their garage, Mrs. Pall was accosted by a man they identified as Appellant. When Mr. Pall confronted their attacker, the robber stated and gestured that he had a gun. Prior to being relieved of her purse, Mrs. Pall was beaten by her assailant.

Appellant objects to the evidence of the subsequent robbery, presented to show he is guilty of the crime charged. He argues the evidence of an offense alleged to have been perpetrated by him eight days after the offense charged was insufficient to permit application of the "common scheme or plan" exception to the principle of law excluding proof of other crimes.

Evidence of unrelated criminal activity may be admissible in certain cases to prove identity, knowledge, intent, purpose, motive or a common scheme or plan. *Taylor v. State* (1987), Ind., 506 N.E.2d 468, 470. To be admissible, the testimony must possess substantial probative value and must be so specifically and significantly related to the charged crime in time, place and circumstance as to be logically relevant to one of the particular accepted purposes. *Id.* The State must prove the crimes are so similar that the evidence supports an inference that the same person committed both crimes. *Id.*

In this case, the State used the robbery of Mrs. Pall to demonstrate a common scheme or plan which, in turn, tended to establish the identity of the robber of Mrs. Benjamin. It is therefore necessary to examine the details of the two robberies in order to determine if there are sufficient similarities unique enough to be relevant in establishing identity.

There are several similarities. The robberies were similar in proximity. They occurred only three blocks apart. They were also similar in time. They were committed within eight days of each other and occurred during the same time of day, approximately 6:30 p.m. The type of victims were similar. The victims were both women in their sixties. The crimes were similar in type of offense and *modus operandi.* In both robberies the article stolen was the victim's purse. Both victims suffered injuries as a result of their struggles with Appellant. Both victims were robbed just after they exited their automobiles and walked out of their garages.

Further, both victims gave similar descriptions of the robber. Both Mrs. Benjamin and Mrs. Pall described the robber as a black male, in his twenties, over six feet tall, who had been wearing a dark blue winter jacket or coat and a cap with a stripe which was pulled down over his forehead. While Mrs. Benjamin's and Mrs. Pall's testimony reflected the fact that their descriptions were not exactly the same, the inconsistencies in their descriptions were not significant enough to support the assertion that they were describing a different individual. Thus, while Mrs. Benjamin's description of the cap as navy blue with an orange stripe was not the exact description of the cap, given by Mrs. Pall, as maroon or blue with a gold stripe, such a variance is insignificant.

Appellant urges that a noteworthy difference in the means employed by the robber in the Pall robbery was the threat of possession and use of a gun. However, this came about when Mrs. Pall's husband appeared. The similarities noted above are sufficiently substantial to be relevant in establishing identity.

Appellant also argues that since the trial court refused to join the two incidents for trial, they were therefore not similar enough to qualify for treatment under the common scheme or plan exception. This argument has been rejected before. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, *cert. denied*, — U.S. ——, 107 S.Ct. 910, 93 L.Ed.2d 860. The trial court refused to join the two causes for trial, finding the standards for joinder different than the standards for the common scheme or plan exception. A trial court's refusal to join two separate incidents for trial does not compel a conclusion that the incidents are not similar enough to qualify for treatment under the common scheme or plan exception. *Boyd*, 494 N.E.2d at 295.

The evidence of the subsequent robbery of Mrs. Pall was relevant as it tended to show the identification of the robber who had forcibly taken the purse of a second woman in the same manner as she was coming from her garage, following the success of the robbery of Mrs. Benjamin.

There was therefore no error in the admission of the evidence.

The trial court is affirmed.

DeBRULER, and GIVAN, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent without separate opinions.