Patrick E. RITCHIE, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8710–CR–971.

Supreme Court of Indiana.

Aug. 3, 1988.

Stephen C. Haas, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, and a finding that he was an habitual offender. Appellant was sentenced to a term of ten (10) years enhanced by thirty (30) years by reason of the fact that he was an habitual offender.

The facts are: On January 27, 1987, at approximately 8:30 a.m., Ralph Gunn was working at Ritter's Liquor Store in Vanderburgh County. A man later identified as appellant entered the store and asked for a pack of cigarettes. He then produced a butcher knife and stated, "[Y]ou're dead." Appellant took approximately $100 from the store then left without injuring Gunn.

Following the robbery, police showed Gunn six photographs. He picked out appellant's picture as the one that "resembled him." Stephanie Johnson and Doris Turpin both testified that shortly after the time of the robbery appellant came to their place of employment, and at the time, he was playing with a knife later identified as the robbery weapon, and also that he had money in his billfold. Officer David Gulledge arrested appellant at a friend's house and found a butcher knife, matching the description of the one mentioned above, lying on the kitchen counter top in plain view. Appellant was read his *Miranda* rights and then gave a statement concerning the robbery.

Appellant claims the trial court erred in overruling his motion to suppress the statement he gave to police following his arrest. He claims it was not knowingly and voluntarily given because he was intoxicated to the extent he did not understand the *Miranda* waiver, and further the interrogating officer made threats to him of a more severe sentence if he did not make a statement. He also testified that police told him if he would make a statement they could use him in some drug busts and that he would have nothing to worry about.

Police officers testified that the *Miranda* rights were read twice to appellant, that the readings were an hour apart, and that appellant was given time for reflection after the initial advisement before he made his statement. Officers testified that appellant was not intoxicated. The police further testified that they had not made any threats or promises to appellant.

There was thus a conflict in the evidence submitted to the trial court for its determination on the suppression of the statement. This Court will not reweigh such evidence and if there is substantial evidence of probative value to support the finding of voluntariness the trial court will not be reversed. *Richardson v. State* (1985), Ind., 476 N.E.2d 497. We find no reversible error concerning the admission of appellant's statement.

Appellant claims the trial court erred when during the proof of one of his prior felonies the State attempted to introduce evidence that he had originally been charged with the commission of a crime while armed with a deadly weapon and that he had subsequently entered a plea of

guilty to the lesser included offense of committing a crime of violence while armed with a firearm. However, the trial court did not permit the State to present such evidence. Appellant nevertheless claims the reference to such material by the prosecutor was reversible error, citing *Taylor v. State* (1987), Ind., 506 N.E.2d 468, for the proposition that evidence· of charges of which the defendant has not been convicted is highly prejudicial.

When the trial court excluded the evidence, he next had to determine whether the mention of the fact by the prosecutor was sufficient to submit appellant to grave peril. *Stonebraker v. State* (1987), Ind., 505 N.E.2d 55. In view of the fact this conduct occurred during the habitual offender phase of the trial and the express purpose of that hearing was to inform the jury of appellant's past criminal conduct, we cannot say the mere mention of the fact that one of the convictions was a reduced charge would submit him to such grave peril that the trial court erred in denying his motion for a mistrial.

Appellant also claims the prosecuting attorney injected an evidentiary harpoon into the trial when establishing another prior conviction of aiming a weapon. It was established that the victim of that crime was a deputy sheriff. Appellant makes no claim that this allegation was untrue. The fact that a jury might view a charge of aiming a weapon at a deputy sheriff more harshly than they would at an ordinary citizen does not make the evidence inadmissible nor does it make it unduly prejudicial. *Wilson v. State* (1966), 247 Ind. 680, 221 N.E.2d 347. We see no error in the admission of this evidence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.