**Timothy JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 02S00–8810–CR–860.**

Supreme Court of Indiana.

Sept. 5, 1989.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class A felony, for which he received a sentence of thirty (30) years; Criminal Confinement, a Class C felony, for which he received a sentence of five (5) years; and three counts of Child Molesting, Class A felonies, for which he received three sentences of thirty (30) years, all sentences to run concurrently.

The facts are: On September 19, 1987, the victim lived in Fort Wayne with her mother, brother, and sister. Her mother's boyfriend also was sometimes in the home. They lived in an apartment over a bar known as "The Pantry." On the day in question, the victim was ten years of age. At approximately midnight, the victim was asleep on the sofa in the front room. Her mother was attending a party downstairs in the bar.

She was awakened by a person she knew as "Mouse," who was strangling her. While holding her by the throat, the attack-

er, identified as appellant in this case, ordered her to remove her pants and shorts. He then proceeded to penetrate her orally, vaginally, and anally with his penis. At one point during the attack, he asked the victim if her mother had any money on the premises. She told him that if her mother had any money she had it with her downstairs. However, appellant proceeded to ransack the apartment.

The victim testified that although she knew her attacker only by the name "Mouse," he was well-known to her in that he had purchased drugs from her uncle and owed her uncle money for the drugs. After appellant left the apartment and the girl's mother returned, she reported the incident to her mother.

She was taken to the hospital for an examination where it was found that she had abrasions and bruises to her nose, to the right side of her face, to her left shoulder, her left wrist, and her right buttocks. She suffered redness and inflammation at the entrance of her vagina, there was a small tear in the right labium, and the child's hymen area was swollen with some bruising. An examination of the anus revealed that she had suffered three tears in the lining of the anus. However, no sperm was found in any of these locations.

The victim described her attacker as wearing dark blue jogging pants, but she could not remember what type of shirt he was wearing. Appellant presented evidence that on that evening he was wearing a red shirt and dark blue dress pants. The victim on two separate occasions identified appellant as her attacker from a police photographic array.

Appellant claims there is insufficient evidence to support his convictions. He claims there is at most a mere suspicion against him. He concedes that this Court will not reweigh the evidence. However, he claims that the victim's testimony concerning his identification is suspect in that the area was not well-lighted and that she would not have been able to identify her attacker. However, the record in this case does not support his contention. A light was burning in the bathroom from which she could identify appellant as he attacked her on the sofa.

He further claims that her statement that he was wearing jogging pants and that she could not remember what type of shirt he was wearing, when in fact he was wearing dress pants and a bright red shirt, served to discredit her testimony.

He further points to the fact that a friend with whom he lived testified that during the hours in question they were together; thus it would have been impossible for him to have been the attacker. All of this evidence was presented to the jury for their evaluation. In sex offense cases, a conviction may stand solely on the uncorroborated testimony of a minor witness. *Nelson v. State* (1988), Ind., 525 N.E.2d 296.

When there is conflicting testimony of witnesses, it is the responsibility of the jury to decide whom they will believe and whom they will not. *Howell v. State* (1980), 274 Ind. 490, 413 N.E.2d 225.

Although appellant presented his friend as an alibi witness, the jury was not bound to accept that testimony. It was their prerogative to reject such testimony and believe the testimony of the victim. There is ample evidence in this record to support the jury's determination with regard to the identification of appellant.

Notwithstanding the fact that no sperm was found during the examination of the victim, the medical report nevertheless supports a finding by the jury that the child in fact had been sexually molested. The jury verdict is fully supported by the evidence in this case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.