Ernest JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9106–CR–171.

Court of Appeals of Indiana,
Fourth District.

Nov. 25, 1991.

Richard D. Gilroy, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Ernest Johnson (Johnson) appeals his jury conviction, for one count of Conspiracy to Commit Robbery, two counts of Robbery, four counts of Confinement, and one count of Carrying a Handgun without a License. Johnson is currently serving a sentence of thirty years. He directly appeals claiming the trial court erred in permitting testimony regarding a prior robbery he allegedly committed.

We affirm.

Johnson presents three restated issues for our review:

1. whether the trial court erred in admitting evidence of a prior crime;

2. whether the trial court erred in sentencing Johnson; and

3. whether sufficient evidence exists to support the verdicts.

On December 19, 1989, at approximately 10:00 a.m., Kimberly Koonce (Koonce), a bank teller, noticed a supposed customer of the First of America Bank seemingly looking it over for placement of desks, the vault's location, and the manager's office. He asked for coin wrappers at Koonce's window.

After he left, Koonce and Regina Neighbors (Neighbors) saw a green Cadillac leaving. Ten minutes later, Koonce and Neighbors watched three men walking to the bank. One looked similar to the "coin wrapper" man. As the men neared the bank they passed behind a wall and emerged with ski masks over their faces.

Entering the bank with guns, the men ordered the tellers to step away from their windows. The shorter robber entered the teller area while the larger man gave orders. The third robber entered the manager's office and told him to lie on the floor. He took the manager's wallet and watch.

The large robber ordered Koonce to take money from her drawer and place it into a black plastic bag. He ordered all the employees into the break room and demanded they lie on the floor. They complied and the men then left.

The tellers looked at photo arrays a few months later. Koonce identified Johnson as the large robber. She identified him in a line-up and again at trial, based on his posture, large face, wide-set eyes, and big nose.

Johnson first objects to the evidence of the prior robbery presented to show he is guilty of the crime charged. He argues the evidence of the prior offense was insufficient to permit application of the "common scheme or plan" exception to the principle of law excluding proof of other crimes. Johnson's argument is incorrect.

Evidence of unrelated criminal activity may be admissible to prove identity, knowledge, intent, purpose, motive, common scheme or plan. *Holmes v. State* (1987), Ind., 511 N.E.2d 1060, 1062. To be admissible, the evidence must possess substantial probative value and must be so specifically and significantly related to the charged crime in time, place, and circumstances as to be logically relevant to one of the particular accepted purposes. *Id.* at 1062. The State is required to prove the crimes are so similar the evidence supports

an inference the same person committed both crimes.

■ Admitting evidence of the prior robbery was not error. The record indicates striking similarities existed between the November robbery and the December one. Both (a) occurred at the same branch bank, (b) occurred about 10:15 a.m., (c) were preceded only minutes before by a man's request for coin wrappers, and (d) were committed by three men. Also in both, (a) the men forced the bank employees to lie on the floor until they left the building, (b) used a black plastic trash bag to collect the stolen money, and (c) ran to a green Cadillac in a nearby alley.

The only difference between the two is the robbers were unmasked during the November robbery and masked in the December one. Minor differences between the two crimes do not prohibit admissibility of the unrelated crime. *Sizemore v. State* (1988), Ind., 530 N.E.2d 736, 738.

■ Johnson's identity as one of the robbers was at issue during trial. However, the similarities noted above are sufficiently substantial to be relevant in establishing identity. *See, Holmes, supra.* Also, we note the bank manager, who was present at both robberies, testified that during the second robbery, he recognized Johnson's voice. (R. 537, 543). Johnson held a gun to the manager's head during the first robbery.

The jury reasonably inferred Johnson not only participated in both robberies, but took a leadership role in each, because of the bank manager's testimony. Evidence of the November bank robbery was relevant as it tended to identify the one who had forcibly held the bank manager at gunpoint in the prior crime. There was therefore no error in the admission of evidence.

Next, Johnson contends he was sentenced improperly. Johnson believes count 1 should merge into counts 2 and 3, and counts 2 and 3 should merge due to the single larceny doctrine. Johnson further contends counts 4, 5, 6, and 7 should merge since his act springs from the same set of circumstances. Johnson also says the trial court failed to consider mitigating factors when imposing his sentences. Each contention will be discussed in order.

■ A defendant may not be twice sentenced for the same offense in a single proceeding. *Edwards v. State* (1985), Ind., 479 N.E.2d 541. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the essential inquiry is whether the offenses are the same for the purposes of double jeopardy. *Id.*

■ Johnson was charged with Conspiracy to Commit Robbery. The elements include: the intent to commit a robbery, an agreement with another person to commit the robbery, and an overt act in furtherance of the agreement. *See,* IC 35–41–5–2. Johnson was also charged with Robbery. The elements include: the intent and taking of another's property by the use of force against the other person. *See,* IC 35–42–5–1. While some overlap does exist in both sets of elements, each offense has statutory elements the other does not. An agreement with another person to commit the crime is not an element of robbery. Therefore, Johnson's conviction for Conspiracy does not merge into the Robbery convictions because the two are separate offenses.

■ Moreso, Johnson's two robbery convictions do not merge. The record indicates he took different things from different people, i.e., the branch manager's wallet and watch, and money from a teller. Because property was taken from each person by the use of force on each person, two separate and distinct robberies occurred. *See, McDonald v. State* (1989), Ind. 542 N.E.2d 552. It makes no difference Johnson himself did not remove the watch, and wallet from the manager. The men who acted as accomplices toward the commission of these crimes were criminally responsible for each other's acts. *See, Fox v. State* (1986), Ind., 497 N.E.2d 221; IC 35–41–2–4. The jury properly convicted Johnson on both counts.

■ Also, the confinement counts do not merge. Any confinement of a victim be-

yond that inherent in the force used to effectuate the robbery constitutes a violation of the confinement statute apart from the violation inherent in the offense of robbery. *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81, 83. The confinement of the employees in the breakroom was beyond the force used to remove the bank's money and the manager's personal property. Therefore, Johnson was properly convicted of the robberies and the confinements.

■ Likewise, no prohibition exists against multiple confinement counts. *Parker v. State* (1991), Ind.App., 567 N.E.2d 105, 111. Johnson and his accomplices confined four persons inside a breakroom after the robbery. By doing so, all committed personal crimes against each of those confined. In *Parker,* the court found the defendant participated in the confinement of more than one person. *Id.* at 113. Johnson committed a personal crime of confinement against each victim.

■ Next, Johnson contends the trial court erred in imposing enhanced sentences. When an enhanced sentence is imposed, a trial court's statement explaining its rationale for the sentence must contain the following elements: it must identify all significant mitigating and aggravating circumstances; it must include specific reasons why each circumstance is mitigating or aggravating; and mitigating circumstances must be weighed against aggravating factors in order to determine if aggravating circumstances offset mitigating circumstances. *Boyd v. State* (1991), Ind., 564 N.E.2d 519, 524–25. The trial court correctly followed *Boyd.* (R. 844–847). The court considered both aggravating factors and mitigating factors in determining what sentence to impose.

Johnson argues insufficient evidence existed to sustain his convictions. In reviewing a conviction for sufficiency of the evidence, we look only to the probative evidence favorable to the verdict and the inferences reasonably drawn therefrom to see whether the evidence to support a finding of guilt beyond a reasonable doubt exists. On appeal the evidence is not reweighed, nor is the credibility of the witnesses judged. *Everroad v. State* (1991), Ind., 571 N.E.2d 1240, 1244.

Johnson says the identification evidence is questionable since it is based on his participation in the November robbery. His argument has no merit. As to the victim's identification, one of the purposes of allowing evidence of a past or prior crime is to establish the defendant's identity in the instant offense. *See, Holmes, supra,* at 1060.

■ Finally, he argues insufficient evidence exists to support the conspiracy conviction since evidence is lacking of a conspiracy with an alleged accomplice, David Members (Members). A conviction for conspiracy may rest on circumstantial evidence alone. *Smith v. State* (1984), Ind., 465 N.E.2d 1105, 1121. The State has established Johnson's intent to commit the robbery, his agreement with Members to commit the robbery, and his performance of an overt act in furtherance of the agreement. Therefore, Johnson's conviction will stand. *See,* IC 35–41–5–2.

Johnson, however, disputes evidence of an agreement. Agent Craig Siti of the FBI testified Neighbors identified Members as the "coin wrapper" man. (R. at 687.) The evidence shows Members entered the bank minutes before the robbery and requested coin wrappers. His reconnaissance and prompt return to the bank with Johnson is evidence the two men entered into an agreement to rob the bank.

The convictions and the sentences are affirmed.

MILLER and STATON, JJ., concur.