**Jeffery BLACKMON, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–9403–CR–199.

Supreme Court of Indiana.

March 21, 1995.

---

Timothy J. Burns, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Jeffery Blackmon was convicted following a jury trial of murder; robbery, a class B felony; and carrying a handgun without a license, a class A misdemeanor. In this direct appeal, he presents a single issue: sufficiency of the evidence. We affirm the convictions.

The defendant was charged with the robbery and murder of Fedayeen Turner, a twenty-year-old male employee of Stationers, Inc., an office supply and gift store. Turner's body was found June 1, 1992, at Stationers's downtown Indianapolis store. He had been killed by a .22 caliber bullet to the back of his head. There were no eye witnesses to the shooting.

The defendant contends that the evidence was insufficient to support the judgment, emphasizing that the murder weapon was never identified or recovered, that all evidence linking the defendant to the crime was circumstantial, that the victim's time of death was unspecific, and that no motive was established. He makes general allegations of insufficiency but does not specifically identify any particular element or elements of the charged crimes which he alleges were unproven.

An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences which support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. This standard is the same

when the evidence is circumstantial. *Green v. State* (1992), Ind., 587 N.E.2d 1314, 1315; *Evans v. State* (1986), Ind., 489 N.E.2d 942, 945. Although we have recognized that where the prosecution's case is based wholly upon circumstantial evidence, the resulting inference requires more than mere suspicion or conjecture, *Spranger v. State* (1986), Ind., 498 N.E.2d 931, 941, *cert. denied* (1987), 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 536, a murder conviction may rest solely on circumstantial evidence. *Green,* 587 N.E.2d at 1315; *Moore v. State* (1990), Ind., 557 N.E.2d 665, 669; *Allen v. State* (1986), Ind., 496 N.E.2d 53, 54. Upon the appellate review of such a conviction, it will be affirmed if an inference reasonably tending to support the judgment can be drawn from the evidence. *Swafford v. State* (1986), Ind., 498 N.E.2d 1188, 1192. *Cf. Myers v. State* (1989), Ind., 532 N.E.2d 1158, 1159.

■ Applying our standard for reviewing the sufficiency of the evidence, the convictions are supported by the following evidence. The defendant was a former Stationers employee. He entered the store at approximately 4:45 p.m. on Friday, May 29, 1992. Stationers employee Robert Willey spoke with the defendant as he selected three legal forms offered for sale and asked where to find the collection of cardboard cut-outs such as those of a pig, a baby, and Marilyn Monroe which were displayed in the front of the store. The store was due to close at 5:00 p.m., and Willey left at approximately 4:55 p.m. to catch a bus, leaving only the defendant and Willey's co-employee, Fedayeen Turner, in the store. Turner was never again seen alive.

Early on Monday, June 1, 1992, the manager of the store arrived to find its lights on. He discovered Turner's body lying face down in the office of the store and observed an empty cash register drawer on the floor, a brass disc from the tip of an umbrella, and the cash register tape displaying an incomplete last transaction for items totalling $29.78 and indicating that no payment had been tendered. Cash in excess of $250.00 was missing. Turner had been killed by a .22 caliber bullet to the back of his head. The police found the defendant's fingerprints on a greeting card lying on the counter at the checkout register, on a Stationers bag located on top of the empty cash drawer found on the floor of the store, and on one of the store's entrance doors.

On the afternoon of Friday, May 29, 1992, the defendant had shown a .22 caliber handgun to a friend. Later that evening, another of his friends saw him with a .22 caliber handgun. During that evening, the defendant gave friends gifts including a troll key chain, a pig key chain, and a cardboard cut-out statue of Marilyn Monroe. The defendant was observed that evening with a stack of folded money approximately four inches thick.

The cash register tape found at the murder scene recorded a transaction made at approximately 4:59 p.m. on Friday, May 29, 1992. The entries shown on the register tape were those which would have been made for a purchase of the greeting card found with the defendant's fingerprints, three legal forms, the troll key ring, the pig key ring, and the Marilyn Monroe cut-out.

Beginning the day following the incident, the defendant stayed at a series of two hotels, registering with a false name at each. When he checked out of the first hotel, an umbrella missing a brass disc similar to the one found at the Stationers store was found in the room he had occupied.

The week of the murder, the defendant told an acquaintance that if he had to kill someone, he would shoot them in the back of the head. Another acquaintance testified that in approximately mid-May of 1992, the defendant said that "he always had to have money, that he had to have money in his pocket, he liked having money, he couldn't deal unless he had money in his pocket." Record at 837. When asked whether he would ever kill somebody, the defendant told his acquaintance, "If I needed the money bad enough, I would." Record at 837.

From the evidence favorable to the judgment, we conclude that a reasonable jury could find that the defendant was guilty beyond a reasonable doubt as to each of the charges on which he was convicted.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER and SELBY, JJ., concur.

SULLIVAN, J., dissents without separate opinion.