## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 17 2018, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon Stevenson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 17, 2018

Court of Appeals Case No.
82A04-1712-CR-2867

Appeal from the Vanderburgh Circuit Court

The Honorable Michael J. Cox, Magistrate

Trial Court Cause No.
82C01-1611-F5-6764

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Brandon Stevenson is required to register as a sex offender. He appeals following his conviction for Level 5 felony failure to do so. Stevenson raises two contentions on appeal. First, he contends that the trial court erred in denying his request for a mistrial. Second, he contends that his four-year sentence is inappropriate. Concluding otherwise, we affirm.

# Facts and Procedural History

## A. Stevenson Must Register as a Sex Offender

[2] In 1997, Stevenson was adjudicated to have committed what would be 1st Degree criminal sexual conduct if committed by an adult in Kent County, Michigan. As a result, Stevenson is required to register as a sex offender. In 2007, Stevenson was convicted of Class D felony failure to register as a sex offender.

## B. The Instant Offense

[3] Stevenson checked into the Rescue Mission homeless shelter in Evansville on August 11, 2016. On or about August 17, 2016, Stevenson met with Detective Mike Robinson of the Vanderburgh County Sheriff's Department ("the Department"). Detective Robinson is the coordinator for the sex or violent offender registry in Vanderburgh County. At this time, Detective Robinson went over the rules, duties, and obligations associated with registration as a sex

or violent offender; Stevenson indicated that he understood these rules, duties, and obligations and registered as a sex offender.

[4] On October 5, 2016, Stevenson was dismissed from the Rescue Mission because the shelter is "not allowed to have people on the registry there." Tr. Vol. II, p. 25. Rescue Mission staff member Amanda Crowe made an effort to remind Stevenson that he would need to contact the Sheriff's Department and update his address on the registry. After being led to believe that Stevenson was residing at a different homeless shelter, Crowe also attempted to contact the other shelter to "let them know that [Stevenson] was there and that he needed to change his address" with the registry. Tr. Vol. II, p. 26.

[5] Crowe met with Detective Robinson on October 12, 2016, and discussed Stevenson. At this time, despite the fact that Stevenson was in violation for failing to inform Detective Robinson that he was no longer residing at the Rescue Mission, Detective Robinson chose to "give [Stevenson] a little bit of a grace period" and asked Crowe to attempt to contact Stevenson and remind him that he was required to visit the Department and to comply with the registry requirements. Tr. Vol. II, p. 34. However, when Stevenson failed to report to the Department and comply with the registry's requirements by November 11, 2016, Detective Robinson "had to draw a line in the sand and after receiving no contact, declared him AWO[L] from the registry" and referred the matter to the prosecuting attorney. Tr. Vol. II, p. 34. At some point a warrant was issued for Stevenson's arrest. Detective Robinson had no

contact with Stevenson until he was apprehended in Clark County on August 12, 2017.

## C. Procedural History

On November 18, 2016, Appellee-Plaintiff the State of Indiana charged Stevenson with failure to register as a sex or violent offender. The charge was elevated to a Level 5 felony because of Stevenson's prior failure to register conviction. The trial court conducted a jury trial on October 11, 2017. Stevenson requested a mistrial during the State's closing rebuttal argument, alleging that the deputy prosecutor committed prosecutorial misconduct. The trial court denied Stevenson's request for a mistrial. After the jury returned a guilty verdict, Stevenson pled guilty to the Level 5 felony enhancement. The trial court subsequently sentenced Stevenson to a four-year term of imprisonment.

# Discussion and Decision

## I. Denial of Request for Mistrial

Stevenson contends that the trial court erred in denying his request for a mistrial. "Whether to grant or deny a motion for a mistrial lies within the sound discretion of the trial court." *Isom v. State*, 31 N.E.3d 469, 480 (Ind. 2015). "We afford great deference to the trial court's decision and review the decision solely for abuse of that discretion." *Id*. "A mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily

correct the error." *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002). "A timely and accurate admonition is presumed to cure any error in the admission of evidence." *Id.* (internal quotation omitted).

[8] Stevenson argues that a mistrial was necessary following two alleged instances of prosecutorial misconduct during the State's closing rebuttal argument. As for the first instance, the deputy prosecutor stated "I cannot stress this enough, the government [bears] the burden of proof, that's been explained to you over and over, I think you understand that, we also bear the burden of keeping this community safe because when something bad happens-[.]" Tr. Vol. II, p. 65. At this point, defense counsel objected. Following a discussion held outside of the presence of the jury, the trial court admonished the jury as follows: "Ladies and gentlemen, please disregard the last five or six words the deputy prosecutor spoke." Tr. Vol. II, p. 67.

[9] As for the second instance, the deputy prosecutor stated "These rules protect him as well. Something bad happens at 123 Line Street, we're going to look at suspects." Tr. Vol. II, pp. 68–69. At this point, defense counsel objected and moved for a mistrial. Following another discussion held outside the presence of the jury, the trial court denied the request for a mistrial and admonished the jury as follows: "Ladies and gentlemen, please disregard the last sentence spoken by the deputy prosecutor." Tr. Vol. II, pp. 69–70.

[10] Although Stevenson claims on appeal that the trial court's admonishments were insufficient, he fails to convince us of such. He fails to demonstrate that the

comments at issue were so inflammatory as to place him in a position of great peril. *See Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006) (providing that in determining whether an individual committed prosecutorial misconduct, we consider whether the alleged misconduct placed the defendant in a position of grave peril to which he would not have otherwise been subjected). More importantly, Stevenson does not even suggest that anything in the record indicates that the jury did not follow the trial court's instructions to disregard the deputy prosecutor's comments. Thus, we presume that the trial court's admonishment cured any potential harm. *See Green v. State*, 587 N.E.2d 1314, 1317 (Ind. 1992) (providing that appellate courts may presume that a timely and accurate admonishment by the trial court will cure any defect); *see also Webster v. State*, 413 N.E.2d 898, 901, 274 Ind. 668, 673 (1980) (providing that "[o]n appeal, [appellate courts] must presume that the jury obeyed the trial court's instructions in reaching its verdict" and when the jury has been instructed not to consider specific evidence or argument, "we will assume that the jury followed the instructions.").[1]

## II. Appropriateness of Sentence

Stevenson also contends that his four-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after

---

[1] Because we conclude that the admonishments given by the trial court cured any potential harm, we need not consider the State's argument that deputy prosecutor did not commit prosecutorial misconduct.

due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[12] Not only did Stevenson fail to register with the Registry as required, his offense was elevated to a Level 5 felony because he had a previous failure to register conviction. On August 17, 2016, Stevenson signed paperwork indicating that he understood that he was required to register and to update his registration any time his residence changed. Stevenson argues that he should have been given a lesser sentence because he was homeless at the time he failed to register and, thus, did not have an address to provide. However, the rules for registration, which again Stevenson indicated in writing that he understood, provided explicit instructions for how to register if one resides in temporary housing or is homeless. Specifically, the rules stated that "If you live at a temporary residence such as a homeless shelter, a group home, or a halfway house, or if you are homeless you must register **IN-PERSON** to the [Department] at least once every 7 days until you find a permanent residence." State's Ex. 1, p. 5

(emphasis in original). Despite having been told that he was required to update authorities of his whereabouts once every seven days, Stevenson did not register with the Department after being asked to leave the Rescue Mission.

[13] As for his character, Stevenson points to a favorable report from one of his parole officers. While Stevenson's apparent willingness to cooperate with this parole officer might reflect somewhat positively on his character, it does not negate the numerous negative character traits argued before the trial court. Stevenson was required to register because he had committed a prior qualifying conviction. His criminal history was lengthy. It included sixteen felony convictions, one of which was a prior failure to register conviction. It also included nine misdemeanor convictions, one juvenile adjudication, and a habitual offender finding. The fact that Stevenson was convicted of this offense for a second time suggests that he has failed to reform his behavior. Stevenson has failed to convince us that his four-year sentence is inappropriate.

[14] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.