**Durwood ELLIOTT, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–182A2.**

Court of Appeals of Indiana,
Third District.

May 25, 1982.

Michael A. Dvorak, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Durwood Elliott was convicted by jury trial of carrying a handgun without a license, a class D felony.[1] He was fined and sentenced to a term of two (2) years imprisonment. Elliott contends on appeal:

(1) that his arrest for urination in public is unlawful, and that any evidence seized incident to the unlawful arrest should be suppressed;

(2) that Ind.Code 35–23–4.1–19 is unconstitutional because it shifts the burden of proof to the defendant for proving the existence of a license.

Affirmed.

A police officer saw Elliott urinating in a public alley. The officer asked Elliott his name, admonished him, and then patted him down for weapons. The officer found a .32 caliber handgun. After seizing the handgun, the officer arrested Elliott for public indecency[2] and possession of a handgun without a license.

I.

Suppression of the Evidence

Elliott argues that the handgun seized incident to his arrest should be suppressed because his arrest was unlawful. Elliott contends he was not guilty of a criminal act, stating that a lewd or obscene showing of the genitals is required to raise public urination to the level of a crime. Elliott misstates the law of Indiana. Ind. Code 35–45–4–1 states in pertinent part:

---

1. Ind.Code 35–23–4.1–3 states:

   "Except as provided in section 4 of this chapter, no person shall carry a handgun in any vehicle or on or about his person, except in his place of abode, on his property or fixed place of business, without a license issued under this chapter."

2. Ind.Code 35–45–4–1 (Supp.1981).

"(a) A person who knowingly or intentionally, in a public place:

\*    \*    \*    \*    \*    \*

(3) appears in a state of nudity;

\*    \*    \*    \*    \*    \*

commits public indecency, a Class A misdemeanor.

"(b) 'Nudity' means the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering. . . ."[3]

The police officer testified at trial that he saw Elliott's penis exposed during urination. It is well established in Indiana that a police officer has the authority to make an arrest for a misdemeanor when the misdemeanor was committed within his view. *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. The officer clearly had the right to arrest Elliott when he saw him expose his genitals. Incident to an arrest, the arresting officer may make a search of the arrested person to remove any weapons that might be used to resist arrest or to effect his escape. *Murrell v. State* (1981), Ind., 421 N.E.2d 638, 640. A search is incidental to an arrest when it can be said that it is substantially contemporaneous with the arrest and is confined to the immediate area of the arrest. *Id.*

Elliott was patted down substantially contemporaneously with his arrest. The motion to suppress the handgun was properly denied.

## II.

### Burden of Proof

■ Elliott argues that the State must prove every element of the crime[4] by proof beyond reasonable doubt. He argues that Ind.Code 35–23–4.1–19 is unconstitutional because it shifts the burden of proof of an element (possession of a license) to the defendant. Ind.Code 35–23–4.1–19 states, in pertinent part:

"(a) In an information or indictment brought for the enforcement of any provision of this chapter, it is not necessary to negate any exemption specified under this chapter, or to allege the absence of a license required under this chapter, and the burden of proof is on the defendant to prove that he is exempt under section 4 of this chapter, or that he has a license as required under the chapter."

This Court has recently discussed the constitutionality of Ind.Code 16–6–8.5–6(a)[5], which shifts the burden of proof of any exemption or exception for certain crimes involving dangerous drugs to the person claiming the exemption or exception. In discussing the application of Ind.Code 16–6–8.5–6(a) to Ind.Code 35–48–4–7[6], this Court noted that proof of the presence of a valid prescription is an exception to, and not an element of, the possession statute. *Burgin v. State* (1982), Ind.App., 431 N.E.2d 864, 866. This Court has held that it is not unconstitutional for a statute to impose the burden of proof upon a defendant for proof of an issue where the issue is not an element of the crime. *Burgin, supra* at 867. *See Price v. State* (1980), Ind., 412 N.E.2d 783. We conclude that proof of the presence of a license to carry a handgun is an exemption or exception to, and not an element of, the crime of carrying a handgun without a license. We further conclude

---

3. "Genitals" are defined as the organs of the reproductive system, especially the external organs. Webster's Third International Dictionary, pg. 946 (1976).

4. Ind.Code 35–23–4.1–3.

5. Ind.Code 16–6–8.5–6(a) (Supp.1981) states:
"(a) It is not necessary for the state to negate any exemption or exception in this chapter or in IC 35–48 in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter or under IC 35–48. The

burden of proof of any exemption or exception is on the person claiming it."

6. Ind.Code 35–48–4–7 (Supp.1981) states:
"A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a Class D felony."

that Ind.Code 35–23–4.1–19 is constitutional and that Elliott's argument to the contrary is without merit.

Affirmed.

HOFFMAN, P. J., concurs.

GARRARD, J., concurs in result.