Thorn L. LEWIS, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–685A141.

Court of Appeals of Indiana,
Third District.

Oct. 24, 1985.

Rehearing Denied Dec. 13, 1985.

Anthony V. Luber, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Presiding Judge.

After a jury trial, Thorn L. Lewis was convicted of carrying a handgun without a

license,[1] a Class A misdemeanor. Lewis raises three issues on appeal, which are consolidated and restated as follows:

1. Was there sufficient evidence from which the jury could find that Lewis "knowingly possessed" a handgun?

2. Did the trial court err by giving State's Instructions One and Two, which were based on IND. CODE 35–47–2–24, and which placed on Lewis the burden of showing he had a license to carry a gun or was exempt from the statute?

Affirmed.

The evidence most favorable to the State is as follows: On September 1, 1984, Thorn L. Lewis went to the King David Lounge in South Bend, Indiana. Sometime after midnight, Lewis approached Delores Clark and caused a disturbance. Her brother, Terry Clark, told Lewis to stop bothering Delores. Lewis then pulled a gun from under his belt and pointed it at Mr. Clark.

Moments before, Taffie Mallard, a Special Police Officer working as a security guard at King David's, had attempted to quell the disturbance. He was standing next to Clark and Lewis when he heard a woman say "he's got a gun." He then saw a gun in Lewis's hand. The hammer of the gun was back, Lewis's finger was on the trigger, and the gun was pointed at Terry Clark. Officer Mallard grabbed the gun by placing his hand between the hammer and its contact point to prevent the gun from firing. He then bent Lewis's arm back and took the gun. Officer Mallard put the gun under his own belt and called for assistance.

At trial, Lewis presented no evidence that he had a license to carry the gun, and admitted on cross-examination that he had no license.

## I.
### Sufficiency of Evidence

Lewis asserts that he first saw the gun on the floor at King David's, where someone apparently had dropped it. He picked it up and handed it to Officer Mallard, who then placed him under arrest. Lewis argues that there was insufficient evidence to allow a finding that he "knowingly possessed" the gun.[2]

When reviewing sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. *Weaver v. State* (1980), Ind. App., 404 N.E.2d 1180, 1182. A conviction will be affirmed if the trier of fact had substantial evidence of probative value from which it could reasonably find the defendant guilty beyond a reasonable doubt. *Perry v. State* (1980), Ind.App., 401 N.E.2d 792, 794.

There is ample evidence to support Lewis's conviction. His contentions do no more than create a conflict in the evidence. When the evidence is in conflict, the jury is free to believe whomever it wishes. *Kocher v. State* (1982), Ind., 439 N.E.2d 1344, 1345. The jury apparently believed the testimony of Mr. Clark and Officer Mallard and did not believe the testimony of Lewis. This the jury was free to do. The evidence is consistent with Lewis's knowing possession of the gun. Therefore, the evidence is sufficient to support his conviction.

## II.
### Instructions

Lewis asserts that the trial court erred by giving State's Instructions One and

---

1. "35–47–2–1 Carrying of handgun prohibited; exceptions

 Sec. 1. Except as provided in section 2 of this chapter, a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter. *As added by P.L. 311–1983, SEC. 32."*

Section 2 of the statute exempts a class of persons such as law enforcement officers and military personnel on duty. Lewis does not assert an exemption under section 2.

2. On appeal, Lewis does not challenge the sufficiency of evidence for other elements of the charge (except for the "element" of having a license discussed in section II which follows).

Two. State's Instruction One was given as follows:

"To convict the defendant of Carrying a Handgun Without a License, the State must prove each of the following elements:

The defendant

1. knowingly,

2. carried a handgun in any vehicle or on or about his person,

3. away from the defendant's dwelling on his property or fixed place of business."

Lewis argues that State's Instruction One was erroneous in that it failed to include the "element" that Lewis had no license to carry a gun.

Lewis also asserts that State's Instruction Two was erroneous because it placed the burden on Lewis to prove that he either had a license or was exempt from the statute. State's Instruction Two was given as follows:

"The burden of proof is on the defendant to prove that he is exempt under the law or that he has the required license to carry a handgun."

We consolidate our discussion of State's Instructions One and Two because the errors Lewis asserts involve substantially the same legal issue: who should bear the burden of proof on presence or absence of a license to carry a handgun?

Lewis's argument is based on his contention that IND. CODE 35–47–2–24, which places on the defendant the burden to prove he has a license or is exempt from the statute, is unconstitutional.[3] IND. CODE 35–47–2–24 violates Article 1 § 32 of the Indiana Constitution, he claims, because the statute infringes on the right to keep and bear arms.[4]

■ The statute Lewis assails represents a statement of legislative policy. This Court must uphold such policy unless we find it to be unconstitutional. Every statute is presumed to be constitutional and such a presumption continues until clearly overcome by a showing to the contrary. *Hall v. State* (1980), 273 Ind. 425, 403 N.E.2d 1382, 1389.

In light of this standard, Lewis's challenge to the instructions and the statute is unavailing. First, we note that *Matthews v. State* (1958), 237 Ind. 677, 148 N.E.2d 334, established that the scheme of regulating handguns is constitutional. *Matthews* involved, as does this appeal, an Article 1 § 32 challenge to handgun legislation. In *Matthews*, the Indiana Supreme Court held that the right to bear arms is not absolute:

"The Legislature has the power, in the interest of public safety and welfare, to provide reasonable regulations for the use of firearms which may be readily concealed, such as pistols." (citations omitted.)

*Matthews*, 237 Ind. at 686, 148 N.E.2d at 338. Lewis acknowledges *Matthews* in his brief, but focuses his argument on the burden-shifting effect of IND. CODE 35–47–2–24.

This Court recently considered and upheld the constitutionality of IND.CODE 35–23–4.1–19,[5] predecessor to the current IND.

---

3. IND. CODE 35–47–2–24 provides:

"Sec. 24. (a) In an information or indictment brought for the enforcement of any provision of this chapter, it is not necessary to negate any exemption specified under this chapter, or to allege the absence of a license required under this chapter. The burden of proof is on the defendant to prove that he is exempt under section 2 of this chapter, or that he has a license as required under this chapter.

(b) Whenever a person who has been arrested or charged with a violation of section 1 of this chapter presents a valid license to the prosecuting attorney or establishes that he is exempt under section 2 of this chapter, any prosecution for a violation of section 1 of this chapter shall be dismissed immediately, and all records of an arrest or proceedings following arrest shall be destroyed immediately. *As added by P.L. 311–1983, SEC. 32.*"

4. Article 1 § 32 provides:

"Right to bear arms.—The people shall have a right to bear arms, for the defense of themselves and the State."

5. IND. CODE 35–23–4.1–19 (Supp. 1981) provided:

"'(a) In an information or indictment brought for the enforcement of any provision

CODE 35–47–2–24. In *Elliott v. State* (1982), Ind.App., 435 N.E.2d 302, we stated:

"This Court has recently discussed the constitutionality of Ind.Code 16–6–8.5–6(a), which shifts the burden of proof of any exemption or exception for certain crimes involving dangerous drugs to the person claiming the exemption or exception. In discussing the application of Ind.Code 16–6–8.5–6(a) to Ind.Code 35–48–4–7, this Court noted that proof of the presence of a valid prescription is an exception to, and not an element of, the possession statute. *Burgin v. State* (1982), Ind.App., 431 N.E.2d 864, 866. This Court has held that it is not unconstitutional for a statute to impose the burden of proof upon a defendant for proof of an issue where the issue is not an element of the crime. *Burgin, supra* at 867. *See Price v. State* (1980), [274] Ind. [479], 412 N.E.2d 783. We conclude that proof of the presence of a license to carry a handgun is an exemption or exception to, and not an element of, the crime of carrying a handgun without a license. We further conclude that Ind. Code 35–23–4.1–19 is constitutional and that Elliott's argument to the contrary is without merit."

*Elliott,* 435 N.E.2d at 304.

 Lewis's argument on this point is foreclosed by our holding in *Elliott.* First, State's Instruction One did not omit an essential "element" that Lewis had no license: under *Elliott,* such proof simply is not an element of the offense; rather, it is an exemption to the offense. For the same reason, State's Instruction Two, which placed the burden on Lewis to show he had a license, was not erroneous. Following

of this chapter, it is not necessary to negate any exemption specified under this chapter, or to allege the absence of a license required under this chapter, and the burden of proof is on the defendant to prove that he is exempt under section 4 of this chapter, or that he has a license as required under the chapter.'"

*Elliott,* we conclude that IND. CODE 35–47–2–24, which is virtually equivalent to IND. CODE 35–23–4.1–19, is constitutional.

 In addition to our holding in Elliott, however, there is another reason why Lewis's argument fails. To demonstrate reversible error, the complaining party must show both an erroneous ruling and prejudice resulting therefrom. *Smith v. State* (1982), Ind., 432 N.E.2d 1363, 1368. Lewis must affirmatively show that the error was prejudicial—he must show how he was harmed. *Akins v. State* (1981), Ind., 429 N.E.2d 232, 233, 236. Put another way, the error Lewis asserts must affect the outcome of the case. *Matter of Snyder* (1981), Ind.App., 418 N.E.2d 1171, 1178.

 Lewis has not made such a showing. As noted earlier, Lewis admitted on cross-examination that he had no license to carry a gun. Arguendo, even if the burden had been on the State to show that Lewis had no license, there is sufficient evidence to find that the State carried such a burden. Therefore, Lewis cannot demonstrate the prejudice necessary to overturn his conviction.

For the foregoing reasons the judgment of the trial court is affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.

This statute was replaced in 1983 by IND. CODE 35–47–2–24.