Raymond C. LAMB, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 985S381.

Supreme Court of Indiana.

Aug. 10, 1987.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Sp. Asst., Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Petitioner Raymond C. Lamb was accused of fatally shooting Katherine Kauffman while she was working at a Greenwood laundromat. A grand jury indicted him on a charge of first degree murder, Burns Ind.Statutes Annotated § 10-3401

(recodified as Ind.Code 35–13–4–1) (Burns 1973 Supp.). The case was venued from Johnson Circuit Court to Jefferson Circuit Court, where Lamb was tried by jury and convicted. His conviction was affirmed on direct appeal. *Lamb v. State* (1976), 264 Ind. 563, 348 N.E.2d 1. Lamb subsequently filed a motion for post-conviction relief and now appeals its denial.

He raises three issues:

(1) Sufficiency of the evidence;

(2) Whether counsel was ineffective under the Sixth Amendment of the U.S. Constitution and Art. 1, § 13 of the Indiana Constitution, and

(3) Whether the admission at trial of his confessions constituted a denial of due process and equal protection.

Lamb, as petitioner, had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, § 5, Ind.Rules of Procedure for Post-Conviction Remedies. To prevail on appeal from a denial of post-conviction relief, Lamb must satisfy this Court that the evidence as a whole leads unerringly and unmistakingly to a conclusion opposite to that reached by the trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

### I. Sufficiency of the Evidence

Lamb claims the evidence is insufficient to support his conviction because: (1) his confessions to police were coerced; (2) a cellmate's testimony regarding Lamb's confession to him is incredible, and (3) aside from the confessions, the evidence is purely circumstantial. This claim, available to Lamb on direct appeal but not raised then, has been waived. *Ross v. State* (1983), Ind., 456 N.E.2d 420. Nevertheless, we will consider this issue on the merits because the post-conviction court failed to address waiver in its findings.

As for Lamb's first argument, police coercion, this Court already has determined that the confessions were voluntarily given

to police. *Lamb*, 264 Ind. at 566, 348 N.E.2d at 4.

Second, Lamb claims that cellmate Charles Eaton lied to obtain a favorable plea agreement. However, Eaton did not tell the police about Lamb's confession until *after* his own sentencing. Both Eaton and the investigating officers testified that he did not receive any benefit from the State for revealing Lamb's confession.

Lamb assumes Eaton received leniency in exchange for his testimony merely because Eaton, originally charged with murder, pleaded guilty to voluntary manslaughter under an agreement with the State and was sentenced to 1–10 years in prison. That sentence, however, appears appropriate to the facts. The charge against Eaton evolved out of a tavern brawl in which the victim was armed with a broken glass bottle and Eaton with a knife.[1]

Lamb's confessions, accompanied by the circumstantial evidence presented at trial, were clearly adequate to support the jury's verdict.

### II. Ineffective Assistance of Counsel

Lamb claims his counsel was ineffective for allowing him to testify and for failing to object to evidence that he committed a second murder. To prevail on this claim, Lamb must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. He also must prove that counsel's conduct was so prejudicial as to deprive him of a fair trial. A fair trial is denied when the conviction resulted from a breakdown in the adversarial process that rendered the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In meeting this burden, Lamb must overcome by strong and convincing evidence a presumption that counsel has prepared and exe-

---

1. Because we determine that the evidence does not support a claim that Eaton received a favorable plea agreement in exchange for his testimony, we also dispose of Lamb's claim that he was denied his Sixth Amendment right to a fair trial because the jury was not informed of such a deal.

cuted his client's defense effectively. *Terry v. State* (1984), Ind., 465 N.E.2d 1085.

A determination of ineffectiveness of counsel revolves around the particular facts of a given case. This Court will not speculate about what may have been the most advantageous strategy, and isolated bad tactics or inexperience does not necessarily amount to ineffective assistance of counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57.

The record shows that the same gun which was used in the Kauffman murder was also used to kill another young woman, Carol Rhodes, in another county. At the time that he confessed to the Kauffman murder, Lamb admitted killing Rhodes. Police were otherwise unable to link Lamb to the Rhodes murder because there were no witnesses and the weapon itself was never found. At the time of the trial for the Kauffman murder, Lamb had not been charged with the Rhodes killing.

Because the ballistics tests indicated that the same person killed Kauffman and Rhodes, defense counsel attempted to prove that Lamb had not been implicated in the Rhodes death and thus could not have been Kauffman's murderer. Counsel did not object to testimony concerning the Rhodes murder. Indeed, he referred to that crime during the defendant's case-in-chief.

■ Under other facts, such a defense might well constitute ineffectiveness assistance, given the extremely prejudicial nature of the evidence concerning the uncharged murder. The reasonableness of defense counsel's conduct, however, must be evaluated from his perspective at the time. *Poston v. State* (1986), Ind., 495 N.E.2d 724. The case against Lamb was nearly insurmountable from a defense standpoint. Lamb had confessed to police and to a cellmate. He made incriminating statements to his common-law wife, who placed him at the scene of the crime with a gun at the time of the murder. Although defense counsel initially considered an insanity defense, Lamb was examined and determined to be sane. Thus, counsel had few choices left in mounting a defense. We are not persuaded that the strategy he selected would have seemed unreasonable to many defense attorneys facing the same circumstances.

With regard to Lamb's testimony, defense counsel filed a motion *in limine* to bar evidence about Lamb's recent plea of guilty to assault and battery with intent to kill in an unrelated shooting in Hamilton County. The trial court granted the motion.

Nonetheless, the State on cross-examination asked Lamb whether he had ever shot someone. Noting the order *in limine* and citing *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, defense counsel argued that such impeachment was improper.[2] The court overruled the defense objection and allowed the State to question Lamb more directly about the guilty plea.

■ Although Lamb's argument on this issue is difficult to ascertain, he appears to argue that counsel was ineffective for calling him as a witness. Lamb seems to contend that counsel should have known that the trial court would admit evidence of the guilty plea. Lamb simply loses on this point. While the order *in limine* was not a final ruling, *Hadley v. State* (1986), Ind., 496 N.E.2d 67, it constituted a preliminary indication to the parties that the evidence would not be admitted. This ruling was supported by the fact that the crime of assault and battery with intent to kill is not one of the nine "infamous" crimes nor is it, on its face, a crime of dishonesty or false statement. Lamb's testimony was crucial to the defense contention that his confes-

---

2. In *Ashton,* this Court held that the only prior convictions with which a witness normally may be impeached are crimes which would have rendered a witness incompetent at common law and those involving dishonesty and false statement. The first category of crimes, often referred to as "infamous," are: treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury. *Ashton,*

sions to police were not truthful.[3] His testimony was the only evidence supporting this claim. Under these circumstances, counsel was not ineffective for calling Lamb to testify.[4]

### III. Confessions to Police

Lamb claims that his confessions were obtained through police coercion. Conceding that he raised this issue on direct appeal and received a negative judgment, Lamb argues that appellate counsel was ineffective and failed to present an adequate argument. Lamb's second argument differs little from his first, and we therefore conclude that the doctrine of *res judicata* bars further review of this issue. *Ingram v. State* (1987), Ind., 508 N.E.2d 805.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

258 Ind. at 63, 279 N.E.2d at 217; Ind.Code § 34–1–14–14 (1986 Repl.).

**3.** Lamb testified that his confessions were drafted by police and that he only agreed to sponsor them in exchange for the officers' promises that they would not charge his common-law wife with any crimes.

**4.** Lamb also alleges that trial counsel's commission of six other errors, when viewed together, constitutes ineffective assistance. Four of the allegations of error concern counsel's choice of defense witnesses and cross-examination technique; these claims are meritless. The other two allegations involve admission of relatively unimportant documents at trial which were not particularly prejudicial to Lamb. Thus, this claim must fail.