**John L. BAKER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 87A01–9005–CR–180.**

Court of Appeals of Indiana,
First District.

April 2, 1991.

J. William Bruner, Boonville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., David M. Sommers, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant John L. Baker appeals his convictions of murder,[1] and neglect of a dependent resulting in serious bodily injury, a Class B felony.[2] We reverse his conviction for murder and remand for a new trial.

## ISSUES

Baker presents the following issues for our review:

I. Whether the trial court erred when it refused to give Baker's tendered instructions on involuntary manslaughter.

II. Whether the trial court erred when it sentenced Baker on both the murder conviction and the neglect of a dependent conviction.[3]

## FACTS

The facts most favorable to the verdicts reveal that Baker, 19 years old, was home alone with his three month old son on September 6, 1989. Baker became upset with his child when the baby would not stop crying, and he shook the baby violently three times. When Baker's wife, the baby's mother, returned home from work he told her their son was acting strangely. Later that evening, they took the baby to the hospital and the child subsequently died due to a brain hemorrhage caused by the violent shaking. The baby also had some

---

1. IND.CODE 35–42–1–1(1).

2. IND.CODE 35–46–1–4.

3. In light of our resolution of this case, we do not address Baker's argument that the evidence was insufficient to convict him of murder.

bruises on his forehead, buttocks, shoulder and abdomen, and he had a healing fracture of one of his ribs.

Baker was convicted by a jury of murder and neglect of a dependent. He was sentenced to concurrent prison terms of 50 and 10 years. Baker now appeals.

## DISCUSSION AND DECISION

### I.

■ Baker first argues the court erred when it refused to instruct the jury on involuntary manslaughter.[4] Baker tendered to the court the following instructions:

INSTRUCTION NO. 4

The lesser included offense of involuntary manslaughter is defined by statute as follows:

A person who kills another human being while committing or attempting to commit battery commits involuntary manslaughter, a Class C felony. To convict the defendant the State must have proved each of the following elements:

1. That defendant, John L. Baker, did on or about the 6th day of September, 1989, in Warrick County, State of Indiana,

2. Kill,

3. Another human being,

4. While committing or attempting to commit battery.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of involuntary manslaughter, a Class C felony.

INSTRUCTION NO. 5

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery.

*Record* at 17–18.

■ There is a two-part test for determining whether it was error to refuse an

instruction on a lesser included offense. First, did either the language of the statute or the language in the charging document necessarily include the lesser offense in the greater offense; and, second, was evidence introduced at trial to which the included offense instruction was applicable. *Jewell v. State* (1989), Ind., 539 N.E.2d 959; *Jones v. State* (1988), Ind., 519 N.E.2d 1233. *See also Straub v. State* (1991), Ind., 567 N.E.2d 87 (stating the first part of the test is disjunctive, not conjunctive). In addition, the evidence must be subject to an interpretation that the lesser offense was committed, and that the greater offense was not. *Jewell, supra.*

■ The first part of the test is satisfied in this case because the statute defining murder and the charging instrument necessarily include involuntary manslaughter as a lesser offense of murder. Involuntary manslaughter is generally a lesser included offense of murder. *Id.* In addition, the charging instrument alleged Baker knowingly and intentionally killed his child by striking, beating and repeatedly shaking him. The charging instrument reveals that the manner and means used to commit the essential elements of murder include all the elements of involuntary manslaughter.

We next determine whether there was evidence introduced at trial that would establish involuntary manslaughter. This determination "hinges on whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater and lesser offense." *Whipple v. State* (1988), Ind., 523 N.E.2d 1363, 1372 (quoting *Swafford v. State* (1981), Ind., 421 N.E.2d 596, 603). The difference between murder and involuntary manslaughter is the defendant's intent. Did the defendant intend to kill another human being or did he intend to batter another human being and in the process cause that person's death? Baker's intent was a seriously contested issue in this case; his defense was that although he admitted to committing the acts he did not believe shaking the baby could kill the baby. The evidence showed Baker violent-

---

4. IND.CODE 35–42–1–4(3).

ly shook the baby in anger, and caused brain hemorrhaging and bruising in the process. The evidence is subject to an interpretation that Baker intentionally battered the child, causing the baby's death, and that Baker did not knowingly or intentionally kill his child.[5] Thus, the second part of the included offense test was met. Because both elements of the test were met, it was error for the trial court to refuse Baker's instruction. The jury should have been able to consider whether Baker murdered his child, or whether he intentionally battered his child, causing death.

This case is factually distinguishable from the cases cited by the State. In *Martin v. State* (1989), Ind., 535 N.E.2d 493, it was not error for the trial court to refuse a tendered involuntary manslaughter instruction when the child died from massive cerebral injuries caused by the infliction of several blows to the child's head and neck. Our supreme court found this evidence did not comport with the defendant's theory that he accidentally fell on the child, and there was no error in refusing the instruction. In *Jewell, supra,* our supreme court held it was not error to refuse the defendant's instruction on involuntary manslaughter because the evidence showed the defendant shot the victim in the head with a shotgun. Finally, in *Wedmore v. State* (1988), Ind., 519 N.E.2d 546, the trial court properly refused a tendered instruction on involuntary manslaughter when the evidence showed the child was killed by numerous blunt force injuries to the head. In each of these cases, it was evident from the nature of the injuries that the defendants knowingly or intentionally killed another human being. In this case, however, the child's death was caused by Baker's violent shaking of the child. It might not be immediately apparent that shaking a child in this manner would cause death, as it would be immediately apparent that multiple blunt force injuries to the head or a shotgun wound to the head would cause death. The evidence at trial warranted an instruc-

tion on involuntary manslaughter. We reverse Baker's conviction for murder, and remand for a new trial.

## II.

■ We address Baker's argument that he was improperly sentenced, in the event the issue again arises upon retrial. Baker contends the trial court erred when it sentenced him on both the murder and neglect of a dependent charges because this subjected him to double jeopardy. We agree.

■ Two offenses are the same for double jeopardy purposes when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State* (1990), Ind., 560 N.E.2d 496. The factual bases alleged by the State in the Information and upon which the charges are predicated must also be examined. *Id.* The language of the instruments under which Baker was charged make it evident that the factual bases underlying the murder charge and the neglect of a dependent charge consisted of the same conduct. The charges utilize exactly the same language to establish the factual bases for each offense. The murder and neglect of a dependent charges both allege Baker, on September 6, 1989, "by striking and beating at and against the body of the said Jonathon Baker and by repeatedly shaking the said Jonathon Baker," inflicted mortal injuries and placed the baby in a situation endangering his life, respectively. *Record* at 6. The acts alleged by the State to substantiate the murder charge are the same acts alleged as constituting a violation of the neglect of a dependent statute. He thus cannot be convicted and sentenced on both crimes. *Id.* We would have reversed Baker's conviction and sentence on the neglect of a dependent charge had we not reversed his murder conviction. If Baker is subsequently convicted of murder or involuntary manslaughter based upon the same factual basis, he may not also be convicted and

---

5. We are not saying the evidence was necessarily insufficient to sustain a murder conviction, but rather that the evidence is subject to an interpretation that involuntary manslaughter was committed and that murder was not committed.

sentenced on the neglect of a dependent charge.

We reverse Baker's conviction for murder, and remand for a new trial.

RATLIFF, C.J., and CHEZEM, J., concur.