**Leon L. BIGBEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9203–CR–78.

Court of Appeals of Indiana,
Fourth District.

July 30, 1992.

Walter E. Bravard, Jr., Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

## Case Summary

Defendant–Appellant, Leon L. Bigbee, appeals from his convictions for Robbery (class B felony), Alteration of a Vehicle Identification Number (class C felony), and Carrying a Handgun Without a License (class A misdemeanor). We affirm.

## Issues

Defendant presents three (3) issues for our review, which we consolidate and restate as follows:

I. Was the evidence sufficient to support the convictions?

II. Was Defendant denied effective assistance of counsel?

## Facts and Procedural History

The facts most favorable to the verdict establish that on December 14, 1990, at approximately 10:00 p.m., Defendant robbed Christopher Herrmann ("Herrmann") at gunpoint while Herrmann sat in his pickup truck in the drive-thru lane at a McDonald's. The Defendant pulled Herrmann out of the truck and drove off with it. Another man participated in the robbery; however, he has not been identified. Herrmann identified one of the robbers as Defendant. He made this identification at a lineup and at trial.

In late December, 1990, Defendant took Herrmann's truck to a body shop to be repainted and lowered. However, the body shop owner, William Bess, discovered that the vehicle was stolen, and reported it to the police. Officer Thomas Sarfaty investigated, went to the Bigbee residence, and obtained written permission to search the garage from Defendant's mother, Angela M. Bigbee. In the garage, Officer Sarfaty discovered the dashboard, radio, and Vehicle Identification Number plate from Herrmann's truck.

On January 30, 1991, the Marion County Prosecutor's Office filed an Information, which charged Defendant with Robbery (class B felony), Alteration of a Vehicle Identification Number (class C felony), Auto Theft (class D felony) and Carrying a Handgun Without a License (class A misdemeanor). After a bench trial, he was found guilty as charged, except as to Auto Theft.

## Discussion and Decision

### I

■ Defendant first argues that the evidence was insufficient to support the convictions. In particular, Defendant argues that he was identified because of "improper pretrial identification procedures which were unnecessarily suggestive and illegal." As he states in his brief:

> Only one person could say in court that he could identify [Defendant]. Christopher Herrmann [sic]. No one else could. However, when the photograph array was shown to Christopher Herrmann, he couldn't pick out [Defendant's] photograph, although later he picked him out of a physical lineup. It was patently obvious that he picked [Defendant] out at the physical lineup because he recognized him from the photograph which he had previously inspected in the photo lineup, not from seeing him during a robbery.
>
> \* \* \* \* \* \*
>
> After [Herrmann] talked with the police detective and was told that [Defendant] was found in possession of his truck, and after he saw, but could not identify identified [sic] a photograph of [Defendant], he was immediately confronted by [Defendant] in person, and he looked just like his photograph.

■ This issue has been waived. Defendant made no objection to the identification testimony given by Herrmann. As a result, the issue was not preserved for appellate review. *Lenoir v. State* (1987), Ind., 515 N.E.2d 529.

Notwithstanding waiver, Defendant has failed to cite the portions of the record containing evidence or testimony support-

ing his argument. We have reviewed the record, and there is no evidence that the police detective told Herrmann, shortly before a lineup, that Defendant "was found in possession of his truck." Further, there is no evidence that Herrmann was shown a photo of Defendant, or that such photo "looked just like" Defendant. In fact, the only references to the "photo lineup" at trial were:

> Q: Now, at any time before this line-up took place, had you had any kind of a photo line-up, or had any kind of a photograph been shown to you of any individuals at all?
>
> A: Yes.
>
> Q: And, and when did this take place?
>
> A: Uh, uh, I'm not—not sure on the correct date; but uh, sometime after—within, I think, a couple of months of the uh, incident.
>
> Q: Okay. And, in those photos that you—you saw, was—was the individ—did you pick an individual out in those photographs?
>
> A: Uh, no, I didn't.

Moreover, even if his photograph was in the photo lineup, Defendant has failed to establish any impropriety. Our supreme court has held that "[t]he mere fact a number of photographs are submitted for a potential witness' identification is not unduly suggestive," and "[i]t is only when the display is accompanied by graphic or verbal communications or identification by the police officers that the procedure will be condemned as impermissibly suggestive." *Pettiford v. State* (1987), Ind., 506 N.E.2d 1088, 1089.

Indeed, the evidence in the record indicates that Herrmann easily identified Defendant at the physical lineup and at trial. Furthermore, the police report prepared at the time of the crime shows that Herrmann was confident he could identify the robbers:

> The victim stated he was ordered out of his vehicle by another black male with a .38 handgun. Both subjects in the vehicle drove south bound [sic]. A stolen vehicle verification was taken *and the victim stated he could identify the two suspects.*

[Emphasis supplied.]

■ Simply stated, there is sufficient evidence in this case to establish that the crimes were committed by Defendant. The facts most favorable to the verdict established that Defendant robbed Herrmann at gunpoint; pulled Herrmann out of the truck; drove off with the truck; and removed and altered the truck's vehicle identification number plate. This was established through the testimony of Herrmann, Bess, and Officer Sarfaty. Of course, a court reviewing the sufficiency of the evidence will neither reweigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *Platt v. State* (1992), Ind., 589 N.E.2d 222, 227; *McInchak v. State* (1990), Ind.App., 560 N.E.2d 546, 548. Also, the uncorroborated testimony of one witness is sufficient to sustain a conviction, even if the witness is the victim. *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070, 1072.

■ Defendant next claims he was denied "his lawful presumption of innocence." We disagree. This claim is wholly without merit. We recognize that the "presumption of innocence," which belongs to every criminal defendant at the outset of trial, is a concept for protecting the accused against being convicted upon doubtful evidence. *Oates v. State* (1982), Ind., 429 N.E.2d 949, 952. But here, Defendant claims that he was denied the presumption because his view of the evidence renders him innocent. The law is well-settled that "[i]t cannot be said that the presumption was denied simply because the evidence was conflicting or because reasonable men might differ in their conclusions therefrom." *Id.*

■ Defendant also argues that his conviction for Carrying a Handgun Without a License must be reversed as it is "included" in the robbery charge. We disagree. While the possession of a handgun is a

required element of both crimes, one of the crimes requires an element or fact which the other does not.[1] We also note that the crimes, as they are set forth in the Information, closely parallel the language of the pertinent criminal statutes, and each requires proof which the other does not. Accordingly, the crime in question is not an "included" one, and there is no double jeopardy problem here. *See, Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893, 897; *Scrougham v. State* (1990), Ind.App., 564 N.E.2d 542, 546, *trans. denied.*

## II

■ Defendant next argues he was denied effective assistance of counsel. In particular, he claims "his appointed trial counsel [failed] to properly prepare and defend against the charges of armed robbery and carrying a handgun without a license, resulting in a trial which was a mockery of justice so blatant as to shock the conscience of this Court." He states the gist of his argument as follows:

> [Defense] trial counsel did not file a Notice of Alibi, [sic] therefore he did not, or could not call several alibi witnesses who were available, namely Erica Scisney, Carol Bigbee, Derrick Barbour and Derrick's girlfriend Adrian. Defense trial counsel did not call an available witness who could have testified that [Defendant] bought the truck from him for $1,500.00, namely Terrance Maxey (alias T–Bone Maxey). Before trial, [Defendant] relied on the advice of his defense trial counsel that a deposition would be taken of the alleged victim Christopher Herrmann, but a deposition was not taken. Certainly defense trial counsel did not interview any of the [Defendant's] several alibi witnesses who were available, but who were not subpoenaed.

To prevail on a claim of ineffective assistance of counsel, Defendant must establish two (2) elements. First, he must prove that his counsel's performance was defi-

cient as measured by the prevailing professional norms. Second, Defendant must prove that his counsel's conduct was so prejudicial that it denied him a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lamb v. State* (1987), Ind., 511 N.E.2d 444. "A fair trial is denied when the conviction resulted from a breakdown in the adversarial process that rendered the result unreliable." *Id.* To establish that the result was unreliable, Defendant must show that but for his counsel's errors, there is a reasonable probability that the result of the trial would have been different. *See, Layton v. State* (1986), Ind., 499 N.E.2d 202, 205, *reh. denied.*

■ Further, there is a presumption that counsel is competent and effective; strong and convincing evidence is required to rebut that presumption. *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1089. In addition, we will not speculate as to what may have been the most advantageous strategy, and isolated bad tactics or inexperience does not necessarily amount to ineffective assistance of counsel. *Lamb*, 511 N.E.2d at 446; *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60. Lastly, the failure to present an alibi defense is not necessarily ineffective assistance of counsel. *See, Zeilinga v. State* (1990), Ind., 555 N.E.2d 471, 475; *Miller v. State* (1989), Ind., 543 N.E.2d 639, 640; *Smith v. State* (1987), Ind., 511 N.E.2d 1042, 1043.

Here, there is no evidentiary basis whatsoever to support the claim of ineffective assistance of counsel. Nowhere in the record is there any indication that the defense counsel was made aware of an alibi or the existence of alibi witnesses. Defendant did not even bother to mention that he had an alibi (and he could identify his alibi witnesses), while he was testifying at trial. Similarly, Defendant's mother did not mention anything about an alibi (which involves Defendant's aunt, Carol Bigbee) during her testimony at trial. We also note there is no

---

1. The crime of carrying a handgun without a license requires proof that the possession of the handgun was *without a license.* This is not required to prove the crime of "armed robbery."

evidence supporting the other aspects of the ineffective assistance of counsel claim.

Affirmed.

CONOVER, and ROBERTSON, JJ., concurring.