STATE of Indiana, Appellant–Plaintiff,

v.

Doyle G. MOORE, Appellee–Defendant.

No. 18A05–9506–CR–249.

Court of Appeals of Indiana.

June 4, 1996.

Transfer Denied Aug. 6, 1996.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellant.

Jay L. Toney, Winchester, for Appellee.

## OPINION

BARTEAU, Judge.

A jury acquitted Doyle G. Moore, Jr. of conspiracy to commit robbery resulting in serious bodily injury, a Class A felony.[1] The jury could not reach a verdict on the charge of robbery resulting in serious bodily injury, a Class A felony.[2] Doyle moved to dismiss the robbery charge, arguing that double jeopardy prohibited a retrial of that charge. The trial court granted the motion to dismiss and the State appeals, raising the sole issue of whether double jeopardy bars retrial of the robbery charge. We reverse.

### FACTS

The charges of conspiracy to commit robbery resulting in serious bodily injury and robbery resulting in serious bodily injury arose from the shooting death of a pizza delivery man. On the evening of January 28, 1993, Moore, Dewayne McCowan, and Martez Powell were at a party at Ziggy Robinson's house. At some point, McCowan, Powell and Robinson decided to rob someone in order to get rent money. The evidence conflicts as to whether Moore was involved in the discussion to rob someone. Later in the evening, McCowan, Powell, Robinson and Moore left the party and drove around. Robinson decided he did not want to be involved and was taken home. At this point, Moore was driving the car. After taking Robinson home, Moore drove to a Village Pantry. At the Village Pantry, McCowan and Powell saw a pizza delivery person getting into his car and told Moore to follow him. There is evidence that Moore complied because McCowan threatened him with a gun. Moore followed the delivery man to an apartment complex. When the delivery man returned to his car after delivering the pizza, McCowan and Powell, both pointing guns, approached him and took his money. The evidence conflicts as to whether Moore also approached the delivery man with a gun. After the delivery man turned over his money, Powell shot him. Moore, McCowan and Powell then fled the scene.

### DISCUSSION

■ The State argues that the trial court erroneously granted Moore's motion to dismiss because conspiracy to commit robbery and robbery are not the same offense. Double jeopardy principles prohibit, among other things, a second prosecution for the same offense after an acquittal. *Buie v. State*, 633 N.E.2d 250, 259 (Ind.1994), *reh'g denied; see also Bryant v. State*, 660 N.E.2d 290, 297 (Ind.1995). To determine whether two offenses are the same for double jeopardy purposes, we must look to see if each offense requires proof of an element that the other offense does not. If so, the offenses are not the same. *Bryant*, 660 N.E.2d at 298; *Buie*, 633 N.E.2d at 260. The offense of conspiracy to commit robbery resulting in serious injury and the offense of robbery resulting in serious injury are not the same offense. *Johnson v. State*, 581 N.E.2d 971, 974 (Ind.Ct.App.1991), *trans. denied.* The elements of conspiracy to commit robbery resulting in serious injury are 1) an intent to commit robbery resulting in serious injury, 2) an agreement with another person to commit robbery resulting in serious injury, and 3) an overt act in furtherance of the agreement. *See* Ind.Code § 35–41–5–2 (West 1986). The elements of robbery resulting in serious injury are 1) the knowing or intentional taking of another's property, 2) by the use of or threat of force or placing the other person in fear, and 3) resulting serious bodily injury. *See* Ind.Code § 35–42–5–1 (West 1986). Each offense requires proof of an element the other does not. Conspiracy requires an agreement and robbery requires the taking of property. By statute, the offenses are not the same.

■ This does not end our inquiry, though, because we must look beyond the statutory language to the manner in which the offenses were charged. *Buie*, 633 N.E.2d at 260. "If from the manner in which the offenses were actually charged it appears that one offense becomes a 'species of lesser-included offense,' then the double jeopardy principles bar a second prosecution after ac-

---

1. Ind.Code § 35–41–5–2 (West 1986).

2. Ind.Code § 35–42–5–1 (West 1986).

quittal." *Id.* (quoting *United States v. Dixon*, 509 U.S. 688, 697, 113 S.Ct. 2849, 2857, 125 L.Ed.2d 556 (1993)). Under a double jeopardy analysis, a lesser included offense and the greater offense are the same offense. Thus, if the underlying offense is charged by the State as the overt act element of the conspiracy offense, the underlying offense is a lesser-included offense of the conspiracy offense as charged, and double jeopardy prohibits a second prosecution for the underlying offense after acquittal of the conspiracy charge. *Id.* For example, in *Buie,* the defendant was charged with murder and conspiracy to commit murder. The overt act element of the conspiracy charge was alleged to be the intentional killing of the victim. Thus, because the murder was alleged to be the overt act in furtherance of the conspiracy, the murder offense was a lesser-included offense of the conspiracy offense, and the two offenses were the same for double jeopardy purposes. 633 N.E.2d at 260. This was so because each element of the murder charge was an element of the conspiracy charge. So, if the State does not need to prove any facts to convict on the underlying offense that were not needed to prove the conspiracy, double jeopardy prohibits convictions of both offenses. *Derado v. State,* 622 N.E.2d 181, 184 (Ind.1993).

Here, if the robbery of the victim had been alleged to be the overt act element of the conspiracy charge, the State would be forbidden to try Moore again on the robbery charge. However, the conspiracy charge against Moore alleged the shooting of the victim as the overt act committed in furtherance of the conspiracy. The State argues that the two offenses did not rely on the same factual basis and thus are not the same offense because the State did not have to prove that property was taken from the victim to prove the conspiracy charge, but did have to prove that element for the robbery charge. We agree.

■ Moore mistakenly focuses on the fact that the facts supporting the overt act element of the conspiracy charge are the same facts supporting the by force element of the robbery charge because the robbery charge alleged the shooting of the victim as the force by which the robbery was accomplished. Two offenses may possess overlapping elements, as long as the State is required to prove an element for each offense that is not required in the other. *Bryant,* 660 N.E.2d at 298. Here, for the conspiracy charge, the State had to prove that an agreement existed and that the victim was shot, but not that property was taken from the victim. Moore was acquitted of this charge. In another prosecution of the robbery charge, the State will not have to prove an agreement, but will have to prove that property was taken from the victim by force. Thus, because the State had to prove a fact for the conspiracy charge that was not necessary for the robbery charge, and had to prove a fact for the robbery charge that was not necessary for the conspiracy charge, a second prosecution of the robbery charge will not violate double jeopardy principles.

The trial court's order granting Moore's motion to dismiss is reversed.

SHARPNACK, C.J., and HOFFMAN, J., concur.