**Ronald FIELDS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A02–9512–CR–736.

Court of Appeals of Indiana.

Jan. 17, 1997.

Transfer Denied April 23, 1997.

Susan K. Carpenter, Public Defender of Indiana and Lorraine L. Rodts, Deputy Public Defender, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Ronald Fields challenges his convictions for Criminal Recklessness,[1] a Class D felony, and Possession of a Handgun Without a License,[2] a Class D felony, and the revocation of his probation. Fields presents four issues for review which we combine and restate as: 1) whether his convictions for both criminal recklessness and possession of a handgun without a license violate the prohibition against double jeopardy; and 2) whether he was denied a fair probation revocation and sentencing hearing.

### FACTS

On June 24, 1994, Fields and two companions arrived at the home of Terri Brewer in search of Sam Cook, who was watching a video with Brewer and some friends. When Brewer opened the door, Fields and his companions rushed Cook, forced him onto one knee, held guns to his neck and demanded to know what Cook had done with a set of tire rims allegedly stolen from a vehicle belonging to Fields' cousin. Cook subsequently managed to escape and run out of the house, followed by Fields and his companions. Shortly thereafter, Brewer and the others inside the house heard gunshots, some of which Cook testified were fired by Fields. At the time of these events, Fields was on probation for a previous conviction.

On July 6, 1994, Fields was charged with Intimidation, a Class C felony,[3] criminal recklessness with a deadly weapon, a class D felony, and possession of a handgun, a class D felony. Additionally, the State filed a petition to revoke Fields' probation due to

---

1. IND. CODE § 35–42–2–2.

2. IND. CODE § 35–47–2–1.

3. IND. CODE § 35–45–2–1(a)(1).

his commission of these crimes. Following a trial, Fields was convicted of criminal recklessness and possession of a handgun, but acquitted of intimidation. Thereafter, the trial court held a consolidated sentencing and probation revocation hearing at which Fields appeared without counsel. As a result, the trial court ascertained that Fields intended to proceed without counsel. The trial court then revoked Fields' probation and ordered him to serve the remaining two years of his original sentence for his prior conviction. Additionally, the trial court ordered Fields to serve concurrent one and one-half year sentences for each of his convictions for criminal recklessness and possession of a handgun, which was to be served consecutive to his sentence for his probation revocation, for a total sentence of three and one-half years imprisonment.

## DISCUSSION AND DECISION

### I. Double Jeopardy

Fields contends that his convictions for both criminal recklessness and possession of a handgun without a license violate the prohibition against double jeopardy. Specifically, Fields argues that possession of a handgun is a lesser-included offense of criminal recklessness. As a result, Fields claims that he is being punished twice for the same crime.

The protection against double jeopardy afforded by the Federal and Indiana Constitutions consists of three separate protections: 1) a bar to a second prosecution after conviction; 2) a bar to a second prosecution after acquittal; and 3) a bar to multiple punishments for the same offense. U.S. CONST. amend. V and XIV; IND. CONST. art. 1, 14; *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Here, Fields contends he received multiple punishments for the same offense.

■ To determine whether this is the case, we apply a two-step test. First, we determine whether the defendant's conduct violates two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State*, 560 N.E.2d 496, 506 (Ind.1990). If double jeopardy is not apparent after examining the statutory provisions, we next review the facts set forth by the State in the information and the facts upon which the charges were predicated to determine whether the offenses charged are based on the same conduct. *Baker v. State*, 569 N.E.2d 369, 372 (Ind.Ct.App.1991), *trans. denied*. When one of the charged offenses is a greater offense of the other charged offense, and conviction of the greater offense cannot be had without conviction of the lesser offense, double jeopardy bars separate sentencing upon the lesser offense when a sentence is imposed on the greater one. *State v. Moore*, 666 N.E.2d 109, 110–111 (Ind.Ct.App. 1996).

■ In the instant case, Fields was convicted of criminal recklessness and possession of a handgun without a license. Pursuant to I.C. § 35–42–2–2, a person commits criminal recklessness if he recklessly, intentionally or knowingly performs an act that creates a substantial risk of bodily injury to another person. The offense is a class D felony if the act is committed while armed with a deadly weapon. I.C. § 35–42–2–2(b)(1). An individual commits possession of a handgun without a license if he carries a handgun on or about his person, except in his dwelling, on his property or a fixed place of business, without a license in his possession. I.C. § 35–47–2–1. Proof that the defendant has a license for the handgun is an exception to the offense for which the defendant bears the burden of proof. *Washington v. State*, 517 N.E.2d 77, 79 (Ind.1987); IND. CODE § 35–47–2–24. According to Fields, because the State can convict for possession of a handgun without a license merely by proving that the defendant possessed a handgun, the State does not have to prove an additional fact to convict a defendant of both possession of a handgun and criminal recklessness as a class D felony. As a result, Fields contends that possession of a handgun without a license is a lesser-included offense of criminal recklessness as a class D felony.

■ Generally, the State bears the burden to prove every element of an offense. *Elliott v. State*, 435 N.E.2d 302, 304 (Ind.Ct. App.1982). This burden is placed on the State as part of the constitutional presumption that a defendant is innocent until proven

guilty. *Bardonner v. State*, 587 N.E.2d 1353, 1360 (Ind.Ct.App.1992), *trans. denied.* However, a statute may impose a burden of proof on a defendant when the burden involves an issue which is not an element of the crime. *Elliott*, 435 N.E.2d at 304. As a result, Indiana courts have held that the lack of a valid license to carry a handgun is not an element of the crime of possession of a handgun and, therefore, a defendant may bear the burden of proving that issue without violating his constitutional rights. *See Washington*, 517 N.E.2d at 79; *Lewis v. State*, 484 N.E.2d 77, 80 (Ind.Ct.App.1985), *trans. denied; Elliott*, 435 N.E.2d at 304. This burden is shifted to the defendant because this is information which is readily available to the defendant and the State would face enormous difficulty in eliminating all possibilities of lawful possession of the weapon. *Tonge v. State*, 575 N.E.2d 269, 271 (Ind.1991).

Nevertheless, while there is no burden on the State to prove the lack of a valid license as an element of the offense of possession of a handgun without a license, we believe that lack of a valid license is an element of the offense for purposes of double jeopardy analysis. It is reasonable to presume that a defendant who has possession of a valid license for his handgun will present that license in order to avoid conviction for the crime. The result, therefore, is that a defendant with a valid license will not be convicted of both possession of a handgun without a license and another crime which includes possession of a handgun as an element. For those defendants who are convicted of both crimes, however, an additional element, the lack of a license, will have been established. Double jeopardy principles, therefore, are not violated.

As a result, we hold that for double jeopardy purposes, the elements of the offense of possession of a handgun include both the possession of a handgun and the lack of a valid license. Thus, the offense of possession of a handgun without a license has an element that criminal recklessness as a class D felony does not. *See Bigbee v. State*, 596 N.E.2d 970, 973, fn. 1 (Ind.Ct.App.1992) (no double jeopardy violation for convictions for "armed robbery" and possession of handgun

without license because crime of possession of handgun without license has additional element of lack of license). Possession of a handgun, therefore, is not an inherently included offense of criminal recklessness as a class D felony.

■ Having determined that the statutes defining criminal recklessness and possession of a handgun without a license do not violate double jeopardy, we must also consider whether the offenses as charged violate double jeopardy. Here, the State's informations provide as follows:

### Criminal Recklessness

[O]n or about June 24, 1994 ... Ronnie D. Fields did knowingly perform an act, while armed with a deadly weapon, to-wit: a handgun, that created a substantial risk of bodily injury to Samuel Cook, to-wit: aiming a loaded handgun at Samuel Cook and firing said handgun,. . . .

### Possession of a Handgun

[O]n or about June 24, 1994, ... Ronnie D. Fields did carry a handgun in or upon the defendant's person, without a license in the defendant's possession.

R. at 8–9. The criminal recklessness information alleges that Fields created a substantial risk of bodily injury to Cook while armed with a handgun. Conversely, the possession of a handgun information alleges that Fields carried an unlicensed handgun. During trial, the State presented evidence that while in Brewer's house, Fields was observed in possession of a handgun. R. at 179, 199–200, 207. Fields presented no evidence that he had a valid license for this gun. Additionally, the State proved that Fields held his handgun to Cook's neck and, after Cook fled the house, ran after Cook and fired the handgun. R. at 184. Because each conviction was supported by different conduct, we find no double jeopardy violation.

### II. Sentencing Hearing

Next, Fields contends that he was denied a fair sentencing and probation revocation hearing. In particular, he argues that the trial court made the following errors: 1) it

failed to properly ascertain whether his decision to proceed without counsel was voluntary; and 2) it failed to afford him an opportunity to present witnesses, offer evidence or make a statement on his own behalf.

### A. Sentencing

■ Pursuant to IND. CODE §§ 35–38–1–3 and 35–38–1–5, a defendant is afforded certain procedural protections during a sentencing hearing, including the right to subpoena and call witnesses, to present evidence and to speak on his own behalf. Further, "before pronouncing sentence, the court shall ask [the defendant] whether he wishes to make ... a statement." I.C. § 35–38–1–5. Here, the record reveals that the trial court did not advise Fields that he had the right to speak on his own behalf or ask if he wished to make a statement. Instead, the trial court merely asked Fields whether he agreed with the information contained in the pre-sentence investigation report and then proceeded to sentence him. R. at 393–95. Under these circumstances, we cannot say that Fields was afforded due process during sentencing. As a result, we set aside Fields' sentence for his convictions of criminal recklessness and carrying a handgun without a license and remand for a new sentencing hearing.

### B. Probation Revocation

■ A defendant is also entitled to certain due process protections prior to the revocation of his probation. These protections include "written notice of the claimed violations, disclosure of the evidence against him, and opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses and a neutral and detached hearing body." *State v. Cass,* 635 N.E.2d 225, 226 (Ind.Ct.App.1994), (citations omitted), *trans. denied.* Additionally, the defendant is entitled to representation by counsel. IND. CODE § 35–38–2–3.

■ In the instant case, the record reveals that Fields was represented by counsel during his trial on charges of criminal recklessness and possession of a handgun without a license. With this counsel, Fields had the opportunity to present evidence and witnesses and to confront and cross-examine the witnesses against him. The only time Fields was not represented by counsel was during the actual revocation of his probation. However, the trial court had the authority to revoke Fields' probation as soon as he was convicted of additional crimes. *See Gleason v. State,* 634 N.E.2d 67, 68 (Ind.Ct.App.1994) (criminal conviction is prima facie evidence of violation of probation and will alone support revocation of probation). As a result, we cannot say that Fields was denied due process because he was not represented by counsel during the final hearing revoking his probation.

■ Similarly, we cannot say that Fields was denied the right to present evidence or make a statement in his defense during the hearing revoking his probation. Prior to the revocation of his probation, Fields was entitled to an evidentiary hearing including confrontation and cross-examination. I.C. § 35–38–2–3. Here, Fields had numerous opportunities during trial to contest the charges against him. Once Fields was convicted for the additional crimes, it was within the discretion of the trial court whether to revoke his probation. We find no error.

Accordingly, we affirm Fields' convictions for criminal recklessness and possession of a handgun without a license and the revocation of his probation. However, we set aside the sentence imposed for his convictions and remand to the trial court for a new sentencing hearing.

Judgment affirmed in part, reversed in part and remanded.

NAJAM, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority opinion acknowledges the law as set forth in *Washington v. State* (1987) Ind., 517 N.E.2d 77 yet proceeds to disregard it. A creative but unpersuasive rationale is fashioned for ignoring *Washington.* The majority concludes that it is "reasonable to presume that a defendant who has a valid license for his handgun will present that license to avoid conviction for the crime" (Op.

at 30) and that therefore such a defendant will never be convicted of possession of a handgun without a license and another crime involving that firearm. While the innovative speculation is an understandable effort to avoid the applicable law, it does not alter the fact that "[p]roof that a defendant does not possess a license to carry a handgun is not an element of ... the statute which delineates the crime." *Washington v. State, supra*, 517 N.E.2d at 79.[4] That a given defendant may have a defense to a particular crime does not make the substance of that defense an element of the crime, whether for purposes of double jeopardy or otherwise.

In articulating the test for determining the existence of an included offense, the majority erroneously states that in addition to a comparison of the two statutory provisions defining the respective crimes and examination of the facts alleged in the respective charges, we must assess "the facts upon which the charges were predicated ..." (Op. at 29). *Baker v. State* (1991) Ind.App., 569 N.E.2d 369, is cited for this proposition. The evidentiary facts upon which charges are based and which evolve during trial are not an appropriate factor to consider in determining whether a defendant may be convicted of an offense not inherently included as within the statutory definition of the greater crime nor included within the greater offense, as charged.

In this regard, it should be noted that *Baker v. State, supra,* involved the refusal of instructions concerning lesser included offenses, as did the three cases cited in *Baker.* Viewing the evidentiary facts in that context is appropriate because a defendant is entitled to an instruction only if there is evidence to support it. That premise, however, is not an appropriate test as to what is and what is not an included offense in a given case. *See*

*Meriweather v. State* (1995) Ind.App., 659 N.E.2d 133.

Perhaps, the inclusion of an evidentiary analysis in the included offense context is a result of the inappropriate and apparently inadvertent use of that concept in *Hitch v. State* (1972) 259 Ind. 1, 284 N.E.2d 783. *Hitch* did not involve an instructional issue but rather concerned a straightforward question as to whether theft was a lesser included offense of robbery. The court mistakenly drew from an instruction case, *Hash v. State* (1972) 258 Ind. 692, 284 N.E.2d 770, in stating that the test for included offenses involves the requirement that not only must the statutes and the charges be examined but that "the evidence of the particular case" must be considered. *Id.* at 791, 284 N.E.2d 770. Even a cursory reading of *Hash* discloses that the viewing of the evidence there, was solely with reference to whether the lesser offense instruction should have been given.

I further disagree with the majority's conclusion that the criminal recklessness conviction and the possession of the handgun conviction were each supported by different conduct. Here Fields's possession of the handgun was continuous and uninterrupted throughout the entire criminal episode. It is this possession which was alleged in the criminal recklessness charge. The logical result of the majority's view in this respect would be to permit multiple convictions for every temporal period during the occurrence and for every isolated change in location or position during the time in question. We do not permit a separate drug possession conviction when there has been a sale of that drug even though the perpetrator must necessarily have had the drug in his possession immediately preceding the actual sale. *Abron v. State* (1992) Ind.App., 591 N.E.2d 634; *Stephens v. State* (1992) Ind.App., 588

---

4. The majority opinion relies upon *Bigbee v. State* (1992) Ind.App., 596 N.E.2d 970, which held that conviction of armed robbery and possession of a handgun did not violate double jeopardy principles because the possession charge has an "additional element of lack of license." *Id.* at 973. Quite simply, *Bigbee* is an erroneous decision and failed to recognize the clear and unmistakable holding of *Washington.*

N.E.2d 564; Cf., *Quick v. State* (1996) Ind. App., 660 N.E.2d 598. Neither should we permit the separate convictions here.

I would reverse the conviction for possession of a handgun without a license, affirm the criminal recklessness conviction and the probation revocation and would remand for a new sentencing hearing.